# EXHIBIT B-3

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED<br>July 30, 2024 2:35 PM<br>CASE NUMBER: 2024CV32321 |
| **Plaintiff(s)**:<br><br>MOSES, VICTOR<br><br>**v.**<br><br>**Defendant(s)**:<br><br>C AND C OF DENVER COLO ET AL | **Case Number: 24CV32321**<br>**Courtroom: 280** |
| **PRE-TRIAL ORDER**<br>(Revised as of August 25, 2022) ||

*This Pre-Trial Order applies to each case assigned to Courtroom 280 of Denver District Court. Questions regarding this Order should be raised **before** trial. Plaintiff must serve copies of this Order on all parties, including Pro Se Parties, pursuant to CRCP 5, and file a Certificate of Service with the Court within 10 days of the date of compliance herewith.*

*The Colorado Rules of Civil Procedure, as amended (CRCP) apply to this case. However, in the event of a conflict between this Order and any CRCP rule, <u>this Order shall take precedence</u>.* ***Counsel and Pro Se parties are expected to familiarize themselves with the contents of this Order and all its requirements.***

*"Reasonable adherence to clear, reasonable and known rules of procedure is essential to the administration of justice." O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010) (citations omitted).

1. **PRO SE PARTIES**

    a. Parties appearing without counsel are directed to contact **Colorado Legal Services/Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone (303)837-1313** to determine whether they qualify for free or reduced-cost legal representation.

    b. In cases involving self-represented, or pro se, parties, the Court orders that the Responsible Attorney, as defined in CRCP 16(b)(2), must notice the case for a case management conference.

  c. This Division requires case management conferences in all cases in which one or more parties are proceeding pro se, whether the case is governed by CRCP 16 or CRCP 16.1.

2. **CASE MANAGEMENT ORDER**

Either the provisions of CRCP 16 or CRCP 16.1 concerning the Case Management Order will apply. If this is a case governed by Rule 16 (as opposed to Rule 16.1), a Case Management Order is required. If all parties have not participated in the preparation of a proposed Case Management Order, this must be noted in the **title** of the Proposed Case Management Order. The lack of participation by one or more parties shall not provide grounds for not complying.

3. **CASE MANAGEMENT CONFERENCE**

  a. Although CRCP 16 indicates the case management conference must be held no later than 49 days after the case is at issue, in this courtroom, the case management may well be held sooner than that. The responsible attorney must set the case management conference date and the trial date at the same time. The responsible attorney must call the court on the day and time designated in the notice to set, receive potential dates from the court, confer with all parties regarding the dates, and promptly notify the court of which date the parties would like to select.

  b. Lead counsel and unrepresented parties, if any, must attend the case management conference in person or via WebEx. If all parties are represented by counsel, counsel may timely submit a proposed order and jointly request the court to dispense with a case management conference pursuant to CRCP 16(d)(3).

  c. At the case management conference, parties and counsel must be prepared to discuss the proposed order, issues requiring resolution, and any special circumstances of the case.

4. **TRIAL SETTINGS**

  a. A specific setting date or trial date must be designated in the proposed CMO, as set forth in CRCP 16.

  b. With the caveat that COVID may impact the Court's calendar, cases must be set for trial no later than 28 days after the case is at issue but probably will be set before that time. Cases will not be set beyond 350 days after the case is filed without the Court's permission. Pursuant to Chief Justice Directive 08-05, p. 6, ***90% of all cases should be concluded within 1 year of filing of the***

*original complaint, not within one year of filing of the Answer, or one year following the date the case is deemed "at issue," or within one year of any other date.*

  c. No case will be set for more than 5 days without the Court's permission.

  d. Trial settings take place on Tuesdays, Wednesdays and Thursdays between 10:00 a.m. and noon **only**.

  e. If the parties do not accept one of the trial dates given to them during the setting process, within ten (10) days, the Court will unilaterally set a trial date.

5. **DISCLOSURES & DISCOVERY**

  a. This Court requires "robust disclosure[s] followed by limited discovery." *See* CRCP 26, Official Comment, #20.

  b. Discovery shall be conducted pursuant to CRCP, the Colorado Rules of Professional Conduct, and this Pre-Trial Order.

  c. Treating expert's opinions that go beyond the four corners of his/her records or reasonable inferences therefrom **must be fully and fairly disclosed**.

  d. If a party put in its disclosures or responds to a discovery request by indicating that it will provide documents or information subject to an objection, that party must describe with reasonable specificity the documents or information being withheld as a result of the objection. Failure to comply with this requirement may constitute a waiver of the objection.

  e. When documents are produced, they must be precisely identified as responsive to a particular discovery request, disclosure or issue in the case. Responding to a discovery request of any kind by producing or generally pointing to a mass of documents is tantamount to not responding at all.

  f. **No Written Discovery Motions.** No written discovery motions will be accepted. The Court will address *all* discovery disputes with a discovery hearing instead of by written motions. The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

    i. If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. An email sent the night before doesn't qualify.

3

ii. If counsel cannot resolve the dispute, please call the courtroom clerk at 303-606-2413 and set it for a Webex hearing. No written notice to the Court is necessary. If counsel cannot agree on a date, please let the clerk know and the Court will set a hearing date unilaterally.  No discovery dispute hearing may be set less than 30 days before trial without the moving party demonstrating good cause.

iii. The parties ***must*** file a brief description of the discovery dispute, your position, and a citation of legal authority that supports your position. This must be filed no later than 48 business hours before the scheduled hearing and must not exceed three pages, double spaced. DO NOT attach any exhibits to this filing.

iv. The dispute will be argued and resolved at the hearing or taken under advisement with a prompt ruling by the Court.

v. If a dispute occurs during a deposition, please call the Court's clerk at the above number and advise him/her about the nature of the dispute. The Court will address the dispute as quickly as possible.

vi. The parties should refrain from interposing boiler-plate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections.  In the event any such objections are made, they must be followed by a clear and precise explanation of the legal and factual justification for raising such an objection.  Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party must describe ***with reasonable specificity*** the information which may be available but which is not being provided as a result of the objection raised.

vii. When a responding party (not counsel) claims, in good faith, not to understand either a discovery request made in writing or the meaning of any words or terms used in a discovery request made in writing, that party must, within ten (10) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery.  A failure to seek such clarification must be considered a violation of this Order for Discovery Protocol.

viii. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be provided.

      ix. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party must also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

      x. Whenever a party objects to a discovery request based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party must produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

           (1) The information required by CRCP 26(b)(5);

           (2) The date of the information or material;

           (3) All authors and recipients; and

           (4) The specific privilege or protection which is claimed.

           (5) The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

6. **EXTENSIONS AND CONTINUANCES**

   a) **Extensions of Discovery Deadlines**: Stipulated agreements to extend the dates for serving discovery responses, objections, and disclosures of no more than 7 days do not need to be filed with the Court.

   b) **Extensions on Summary Judgment Motions**, C.R.E. 702 Motions, Motions in Limine, and Other Motions Close to Trial: The Court will approve extensions on these motions sparingly, if at all. Motions to extend the time close to trial do not permit the Court sufficient time to rule in advance of trial. Parties should plan their discovery and motions practice accordingly.

   c) **Motions to Continue Trial:** Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown.

7. **MOTIONS**

   a. **DO NOT, UNDER ANY CIRCUMSTANCES, FILE ANY MOTIONS OTHER THAN A MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT OR MOTION UNDER RULE 56 SEEKING EXTRAORDINARY RELIEF WITHOUT PERMISSION OF THE COURT.** IN THE EVENT AN ISSUE ARISES, COUNSEL SHALL CONFER WITH ONE ANOTHER IN GOOD FAITH AND CONTACT THE DIVISION TO SCHEDULE A HEARING. THE COURT WILL HOLD A WEBEX HEARING WITHIN TWO (2) BUSINESS DAYS OF THE CALL AND RESOLVE THE ISSUE OR DETERMINE WHETHER A MOTION AND/OR FURTHER BRIEFN IS WARRANTED. THE HEARING WILL BE HELD OVER THE LUNCH HOUR IN THE EVENT THE COURT IS IN TRIAL.

   b. C.R.C.P. Rule 56 Motions: All Rule 56 Motions must be filed at least 91 days before trial, unless the Court orders otherwise. There is no separate deadline for the filing of Cross Motions as provided in CRCP 56. Unless the Court orders otherwise, Responses must be filed 21 days after the Motion is filed unless an extension is granted. ***All such motions, responses or replies must be 10 pages or less, double spaced.***

   c. Motions filed pursuant to CRE 702 (including *Shreck* motions) must be filed 70 days before trial, absent court order to the contrary.

   d. Unless the Court orders to the contrary, or as otherwise provided in the CMO, all pretrial Motions (excluding those filed pursuant to CRCP 56 or CRE 702) must be filed at least 35 days before trial. If a Motion is filed within 60 days of trial, a Response must be filed no later than 14 days after the Motion is filed. Replies are not permitted for any motion filed within 60 days of trial.

   e. The Court is well aware of CRCP 121, §1-15 (as amended in 2015) concerning page limits. However, CRCP 121, §1-15, states (regarding page limits) "Unless the court orders otherwise …" This is the Court ordering you otherwise: ***All filings should be 10 pages or less, double spaced***. This directive includes all filings other than those permitted by CRCP 7, including motions, responses, and replies.

   f. Pursuant to CRCP 121 § 1-15(8), every motion filed with the Court must contain a certification that the movant has, in good faith, conferred with the party against whom the motion is made. Conferring does not mean a last-minute message or e-mail. Conferring means a meaningful discussion preferably live, with professional and legitimate attempts to compare views and resolve the issue. If attempts to confer are unsuccessful, the certification must describe attempts in detail. *See Hoelzel v. First Select Co.*, 214 F.R.D. 634 (D. Colo. 2003) (interpreting D.C.COLO.LCivR 7.1A). Motions that do not

6

contain this certification may be rejected by the Court. If the other party refuses to confer or does not confer in good faith, the party who attempted to confer must file an affidavit detailing the attempts made and the Court may sanction any offending party.

8. **TRIAL MANAGEMENT ORDER**

   Unless the Court orders otherwise, the parties must prepare and submit a signed Joint [Proposed] Trial Management Order (TMO) 28 days before trial. The proposed TMO must comport with the provisions set forth in CRCP 16(f). The Court requires a proposed TMO for ALL cases. A pretrial/trial management conference may be scheduled as necessary, either by the Court or by counsel.

9. **JURY INSTRUCTIONS**

   a) Parties must meaningfully confer on jury instructions, including a 2:1 Statement of the Case. If it is apparent to the Court that the parties have not meaningfully conferred, instructions will be returned to the parties for resubmission.

   b) Parties shall jointly file one Microsoft Word document of proposed stipulated instructions and verdict forms. Each party shall also file one Microsoft Word document of that party's disputed instructions and verdict forms. At the same time, parties should email their proposed instructions and verdict forms to 02courtroom280@judicial.state.co.us in editable Microsoft Word format.

   c) All jury instructions shall include a citation to the CJI or other authority.

   d) The Court will set a deadline at the Trial Management Conference for the submission of jury instructions. The deadline will be no later than 7 days prior to trial. If the Court does not set a separate deadline, the deadline is no later than 7 days before trial.

10. **JUROR NOTEBOOKS**

    The Court provides a 2", 3-ring binder for the jurors' use. These contain introductory information. Counsel must provide the following case-specific information for the notebooks: 1) per C.J.I. 2:1, a succinct statement of the case; 2) an Order of Proof; 3) the names of all attorneys who appear; 4) any stipulations; and, 5) a glossary of technical or unusual terms. Counsel must provide copies of the above items for each juror.

    Overstuffed and cumbersome exhibit notebooks are not helpful to the jury. If Counsel provides exhibit notebooks, they must be easily managed. **Original** exhibits are available to the jury. Any admitted exhibit may, in the Court's discretion, be added to an exhibit notebook.

7

Counsel must include **all** parties' stipulated exhibits in **one** notebook. Exhibits are due **five (5) days before trial.**

GLOSSARY OF TERMS: If there are any scientific or other specialized terms which will be used repeatedly, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

11. **TRIAL EXHIBITS**

    Prepare an **Index of Exhibits** noting those exhibits which are stipulated. Counsel must stipulate to exhibits where appropriate. No one appreciates delays while an obviously authentic exhibit is authenticated.

    All Exhibits must be marked numerically. **Do not, under any circumstances, duplicate any exhibits among the parties.**

    **All multi-page exhibits must be paginated.**

    A working copy of exhibits must be provided to the Court.

    The Court no longer maintains exhibits. Absent a court Order to the contrary, the parties are to comply with Chief Justice Directive 11-01 (as amended November 2014). In addition, within ten (10) days of the conclusion of trial, parties are to electronically file any exhibits admitted into evidence by the Court. Also, at the conclusion of any proceeding, counsel must retain custody of his or her respective exhibits and depositions, whether or not received into evidence, until such time as all need, appellate or otherwise, for them has terminated.

    If exhibits are not retrieved within 21 days of the hearing or trial, the exhibits will be destroyed. If binders for exhibits are not retrieved within 21 days of the hearing or trial, the binders will be destroyed or donated.

    All demonstrative exhibits intended for use at trial must be provided to opposing counsel 21 days prior to trial. Objections thereto must be made 14 days before trial. The Court will treat any slides, PowerPoint panels, or similar materials as demonstrative exhibits for purposes of this rule.

12. **SCHEDULING/WITNESSES/EXAMINATION FOR TRIAL**

    Generally, trial days start at 9:00 a.m. and end at 5:00 p.m. The Court takes one break in the morning and afternoon. Lunch is from noon until 1:30 p.m.

    *Re-cross examination is disallowed in most circumstances, limited in others.*

13. **VOIR DIRE**

    The Court asks background and sensitive case-related questions of potential jurors. Counsel is limited to 30 minutes of voir dire. The Court will outline its procedures for cause and peremptory challenges before trial.

14. **DEPOSITIONS IN LIEU OF LIVE TESTIMONY**

    If you are going to use depositions in lieu of live testimony, you must provide designations of deposition testimony to opposing counsel no later than 28 days before trial. Objections to any deposition testimony must be made no later than 14 days before trial and must cite page, line and the specific evidentiary grounds therefor. Provide the Court with a transcript highlighting the disputed testimony.

15. **USE OF AUDIO-VISUAL TECHNOLOGY AT HEARINGS OR TRIAL**

    The Court **does not** provide audio-visual equipment. Contact the Division Clerk **five (5) days prior** to trial (or hearing) regarding the use of such equipment.

16. **COURT REPORTERS AT HEARINGS OR TRIAL**

    The Court uses a digital recording system. The Court strongly encourages the Parties to hire a private court reporter. Though infrequent, there have been problems with the digital system.

    Use of freelance reporters in civil cases is governed by Chief Justice Directive 2011-1, Administrative Order Regarding Civil and Family Law Cases.

17. **TRIAL BRIEFS**

    Trial Briefs, if any, must be filed five (5) days before trial and *must not exceed* five (5) pages in length, double spaced.

18. **TRIALS TO THE COURT**

    Counsel must be prepared to submit Proposed Findings of Fact and Conclusions of Law within one (1) week following the conclusion of the trial.

19. **MISCELLANEOUS**

    a. **Filings of <u>any</u> type (except "pleadings," as defined in CRCP 7) must be no more than ten (10) pages long and must be double spaced.**

9

    b.  Except as otherwise directed by the Court (in this order, such as in ¶19a above, or elsewhere), the parties must follow CRCP 10 and 121, § 1-20. If a pleading, motion, e-filed document under CRCP 121, § 1-26, or any filing does not comply with CRCP 10, it may be stricken. A filing captioned "Motion", "Response" or "Reply," regardless of whether it incorporates legal authority, and regardless of whether it has an accompanying brief or legal memorandum in support thereof, in addition to being no more than ten (10) pages in length, <u>must be double spaced</u>.

    c.  The Court expects compliance with CRCP, this Pre-Trial Order and the Colorado Rules of Professional Conduct.

    d.  This Court does not permit the lawyers to call anyone by his or her first name. Surnames must be used. *Lane v. Wallace*, 579 F. 2d 1200 (10th Cir. 1978) (Colo.).

This 30th day of July 2024

                                **SO ORDERED.**

                                David H. Goldberg
                                Denver District Court Judge