IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 24-cv-2353-GPG-TPO**

VICTOR MOSES,

 Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, et al

 Defendants.

---

**PARTIALLY UNOPPOSED MOTION FOR ADDITIONAL PAGES TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS**

---

 Plaintiff, by and through his attorneys, hereby files this Partially Unopposed Motion for Additional Pages to Respond to Defendants' Motions to Dismiss, and as grounds therefore states as follows:

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1**

 Counsel for Plaintiff certify that they have conferred with Counsel Derwinski, who stipulates that he has no objection to Plaintiff having up to 25 pages to respond to DHHA's Motion, and 25 pages to respond to the individual paramedics' motions, with the understanding that these Defendants shall each also have up to 15 pages for their respective replies.

 The City and County of Denver and related police Defendants object to any pages in excess of the 25 pages granted by the Court *sua sponte* on October 10, 2024 (Doc. #28). This motion asks the Court to approve 35 pages for Plaintiff's response to the City of Denver and individual police Defendants' combined motion to dismiss.

## The Grounds for This Motion

1. On October 21, 2024, all Defendants filed Motions to Dismiss, which seek dismissal of all of Plaintiff's claims. (Docs. #32, #33 & #34).

2. Plaintiff's responses to all motions are now due on December 16, 2024.

3. The City related Defendants' Motion seeks dismissal on Plaintiff's §1983 Fourth and Fourteenth Amendment claims against eleven individual officers, the state law claims under C.R.S. § 13-21-131 against these officers, and the §1983 *Monell* claim against the City and County of Denver. Defendants' Motion involves complicated issues of law, including §1983 and state civil rights case law, qualified immunity and common law defenses, and the intersection of Worker's Compensation, abolition of state law immunities and supremacy principles.

4. This was a Complaint pled in detail over 60 pages, many significant facts which were omitted in City related Defendants' Motion[1], and which must be adequately portrayed for the Court regarding the civil rights claims alleged. Plaintiff needs to devote significant length to showing the key facts at the center of his claims, in addition to pointing out distortions of those facts by City-related Defendants in their limited descriptions.

5. In order to show the relevant theories to the Court and fairly portray the facts, and to adequately discharge their duty to a very injured client, counsel for Plaintiff respectfully submit

---

[1] For example, Denver Defendants' Motion fails to discuss the legal meaning of the also undiscussed factual allegations regarding Plaintiff's unconsciousness, his multiple collapses, his inability to stand, move or walk and extreme leg cramping, his crashing blood pressure after extreme exertion, their knowledge of his sickle cell trait all *before* he was further assaulted into unresponsiveness, the reactions of the police recruits watching him be continually assaulted while defenseless, and their own training rule to immediately stop a drill if a participant's health or safety is in jeopardy.

that they need (*at least*)² 35 pages to respond to the City of Denver's Motion to Dismiss.

6. Likewise, Plaintiffs must be able to fully respond to the paramedic and Denver Health motions to dismiss, which similarly seek to dispose of all of Plaintiff's constitutional and state law claims.

7. There have been no previous requests for additional pages and the requests made herein are in the interest of justice.

WHEREFORE, Plaintiff requests that the Court approve Plaintiff's stipulation that he shall have up to 25 pages to respond to DHHA's Motion to Dismiss and to the two Paramedics' Motion to Dismiss, with each of those Defendants having up to 15 pages for their respective replies.

Plaintiff further requests that he be allowed 35 pages for his response to City related Defendants' combined motion to dismiss.

Respectfully submitted this 31st day of October, 2024.

> */s/ John Holland*
> John Holland
> HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
> 1437 High Street
> Denver, CO 80218
> 303-860-1331
> 303-832-6506 - fax
> john@hheglaw.com
> *Attorney for Plaintiff*

---

² Given the multiple claims and legal issues at issue, Plaintiff's counsel considered asking initially for 40 pages, but determined that they should first make their best efforts to keep their response to 35 pages, and only ask for a few pages more if necessary as the filing deadline approaches.

## CERTIFICATE OF SERVICE

   I hereby certify that on the 31st day of October, 2024, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

Stanley L. Garrett
David D. Powell
Elaina E. Shively
Lys Runnerstrom
Kristin L. Arthur
GARNETT POWELL MAXIMON BARLOW & FARBES
stan.garnett@garnettlegalgroup.com
David.powell@garnettlegalgroup.com
Elaina.shively@garnettlegalgroup.com
Lys.runnerstrom@garnetlegalgroup.com
Kristin.arthur@garnettlegalgroup.com
*Attorneys for City and County of Denver*

Anthony E. Derwinski
Jeffrey C. Dtaudenmayer
Michele S. Carey
RUEGSEGGER SIMONS & STERN, LLC
aderwinski@rs3legal.com
jstaudenmayer@rs3legal.com
mcarey@rs3legal.com
*Attorney for Denver Health, Wham & Sung*

Darold Killmer
Reid Allison
KILLMER LANE, LLP
dkillmer@killmerlane.com
rallison@killmerlane.com
*Attorneys for Plaintiff*

              */s/ Brooke Thiele-LaForest*
              Brooke Thiele-LaForest, Paralegal