IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Case No. 1:24-cv-02353-GPG-TPO**

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER HEALTH AND HOSPITAL AUTHORITY,
TODD GENTRY, individually,
STEPHEN MARINO, individually,
ANTHONY NORMAN, individually,
FELIPE CERVANTES, individually,
KYLE CARTER, individually,
JOHNNA AITKEN, individually,
LISA AITKEN-NELSON, individually,
JASON MOORE, individually,
DAMON ROMAN, individually,
E. M. ALFARO, individually,
BRIAN CAMOZZI, individually,
COURTNEY WHAM, individually,
TAEGIN SUNG, individually,

    Defendants.

## MOTION TO STAY DISCOVERY

Defendants City and County of Denver, Colorado; Todd Gentry; Stephen Marino; Anthony Norman; Felipe Cervantes; Kyle Carter; Johnna Aitken; Lisa Aitken-Nelson; Jason Moore; Damon Roman; E.M. Alfaro; and Brian Camozzi (the "City Defendants") along with Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin Sung (the "Denver Health Defendants"), move to stay discovery and delay the

entry of a scheduling order until resolution of the pending motions to dismiss and, in support, state as follows.

### **CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)**

Counsel for the City Defendants certifies that they conferred in good faith with counsel for Plaintiff during multiple phone calls and email exchanges. Plaintiff objects to the relief requested herein, and has stated as follows:

> Plaintiffs strongly oppose the proposed Motion for Stay of Discovery or the mandatory exchange of Rule 26 Disclosures.

### **INTRODUCTION**

Plaintiff's complaint raises six claims against fifteen parties. Every claim is currently subject to either the City Defendants' or the Denver Health Defendants' motions to dismiss. These motions have the potential to significantly tailor the scope of this case or even dispose of the case altogether, as is evident by the size and timing of the briefing. The motions raise questions of qualified immunity and worker's compensation exclusivity, among others. Defendants request that discovery be stayed until the bounds of the claims at issue are known and they have a chance to file an answer to the Complaint.

### **LAW**

The trial court has discretion to stay discovery during a proceeding. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The trial court's authority to stay discovery "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When determining whether to exercise its discretion to grant a stay, courts in this district consider the following factors: "(1) the

2

plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Talmadge v. Berkley Nat'l Ins. Co.*, 687 F. Supp. 3d 1089, 1093 (D. Colo. 2023) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). Although stays are generally disfavored, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *CSMN Invs., LLC v. Cordillera Metro. Dist.*, No. 17-CV-2512-RM-GPG, 2018 WL 10582184, at *1 (D. Colo. Feb. 3, 2018) (quoting *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003)). A stay may also be appropriate when the question of qualified immunity is raised. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997). Courts in this district and across the country have routinely stayed discovery pending motions to dismiss that raise issues of qualified immunity or would impact the viability of the lawsuit. *See, e.g.*, *Dawson v. Cont'l Ins. Co.*, No. 13-CV-03511-PAB-KMT, 2014 WL 1210285, at *1 (D. Colo. Mar. 24, 2014) (collecting cases granting stay pending resolution of dispositive motions); *Smith-Bey v. Reid*, No. 08-CV-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (collecting cases granting stay pending resolution of asserted qualified immunity defense).

## **ARGUMENT**

Because the case at bar and its procedural posture are the exact circumstances in which a stay is appropriate, the *String Cheese Incident* factors weigh in favor of granting such a stay.

3

First, there is no potential prejudice to Plaintiff if there was a delay in the proceedings. While Plaintiff certainly has an interest in proceeding expeditiously with this suit, as do all plaintiffs, he does not have an interest specific to him in moving the proceeding forward. Concerns regarding the impact of time's passage on litigation are generalized concerns that always apply. *Quint v. Vail Resorts, Inc.*, No. 20-CV-03569-DDD-GPG, 2021 WL 9079374, at *2 (D. Colo. Oct. 8, 2021). Because there is no potential prejudice to Plaintiff were a stay to be entered, the first *String Cheese Incident* factor weighs in favor of a stay.

Second, the Defendants face an undue burden should discovery proceed. The individual City Defendants have raised issues of qualified immunity in their motion to dismiss, which "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Although qualified immunity was not asserted as a defense to every claim, it would be difficult to distinguish between discovery that was related to claims for which qualified immunity was raised and discovery that was related to claims for which qualified immunity was not raised. When faced with claims with interconnected discovery, courts have stayed discovery on all claims, noting the "strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery." *See, e.g.*, *Chapman v. Fed. Bureau of Prisons*, No. 15-CV-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (staying discovery on all claims when a plaintiff's claim for monetary relief under the Eighth Amendment was subject to a qualified immunity defense and his claim for injunctive relief under the Eighth Amendment

4

was not subject to a qualified immunity defense). Because of the interconnectedness of the claims and the importance of the entitlement of avoiding the burdens of litigation, the second *String Cheese Incident* factor weighs in favor of a stay.

Third, a stay of discovery will prevent the Court from undertaking duplicative and unnecessary work. "The next stage of the proceedings, if a stay is not imposed, would be entering and a scheduling order and proceeding with discovery, which may be a waste of time and resources should the motion(s) to dismiss tailor the action." *CSMN Invs., LLC*, 2018 WL 10582184, at *2. "However, when discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Chapman*, 2015 WL 4574863, at *3; *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[I]t is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward."); *Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for discovery." (cleaned up)). Staying discovery until both the Court and the parties know what discovery is necessary is the most efficient and convenient path. *See, e.g.*, *Abdulmutallab v. Sessions*, No. 17-CV-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) (finding "that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result

5

from allowing discovery to proceed only to have a large portion of the case subsequently dismissed on the grounds raised in the motions to dismiss"). Moreover, a determination that Defendants are entitled to qualified immunity because there was no constitutional violation would impact the validity of the claims not subject to qualified immunity. Thus, the third *String Cheese Incident* factor weighs in favor of a stay.

Fourth, there are no third parties whose interests are implicated by this case or by a stay of discovery. Thus, the fourth *String Cheese Incident* factor weighs neither for nor against a stay.

Lastly, it is in the public's best interest to grant a stay of discovery. There is "a strong public policy behind the qualified immunity doctrine," which includes "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman*, 2015 WL 4574863, at *4. Moreover, a stay permits the individual police officer and paramedic defendants to "focus [their] attention on official government duties, instead of costly and time-consuming discovery obligations." *Johnson v. Boyd*, No. 22-CV-00042-GPG, 2022 WL 22402296, at *2 (D. Colo. Apr. 4, 2022). Additionally, because "the general public's primary interest in this case is an efficient and just resolution," and "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Thomas*, 2019 WL 5085045, at *3. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Every applicable *String Cheese Incident* factor weighs in favor of granting a stay of discovery pending the Court's rulings on the multiple motions to dismiss.

## **CONCLUSION**

For the foregoing reasons, Defendants request that the Court enter an order vacating the scheduling conference and staying discovery pending the Court's resolution of the pending motions to dismiss.

Respectfully submitted this 11th day of December, 2024.

>GARNETT POWELL MAXIMON BARLOW & FARBES
>
>*s/ Stanley L. Garnett*
>Stanley L. Garnett, #12282
>David D. Powell, #16152
>Elaina Shively, # 42737
>Lys Runnerstrom, #47423
>Kristin L. Arthur, #52397
>1125 17th Street, Suite 2200
>Denver, CO 80202
>Phone:   (303) 991-3344
>E-mail: stan.garnett@garnettlegalgroup.com
>           david.powell@garnettlegalgroup.com
>           elaina.shively@garnettlegalgroup.com
>           lys.runnerstrom@garnettlegalgroup.com
>           kristin.arthur@garnettlegalgroup.com
>
>*Attorneys for Defendants City and County of Denver, Colorado; Todd Gentry; Stephen Marino; Anthony Norman; Felipe Cervantes; Kyle Carter; Johnna Aitken; Lisa Aitken-Nelson; Jason Moore; Damon Roman; E. M. Alfaro; and Brian Camozzi*

RUEGSEGGER SIMONS & STERN, LLC

*s/ Anthony E. Derwinski*
Anthony E. Derwinski, #44408
Jeff C. Staudenmayer, #42981
Michele Stark Carey, #27225
1700 Lincoln St., Suite 4500
Denver, CO 80203
Phone: (303) 575-8026
aderwinski@rs3legal.com
jstaudenmayer@rs3legal.com
mcarey@rs3legal.com

*Attorneys for Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin Sung*

Case No. 1:24-cv-02353-GPG-TPO   Document 43   filed 12/11/24   USDC Colorado
pg 8 of 9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of December, 2024, a true and correct copy of the foregoing **MOTION TO STAY DISCOVERY** was electronically filed using the Court's CM/ECF system upon the following:

John R. Holland
Anna Holland Edwards
Erica Grossman
Dan Weiss
Holland, Holland, Edwards & Grossman, LLC
1437 High Street
Denver, CO 802018
(303) 860-1331
john@hheglaw.com
anna@hheglaw.com
erica@hheglaw.com
dan@hheglaw.com
*Attorneys for Plaintiff*

Darold W. Killmer
Reid R. Allison
Killmer Lane
1543 Champa St., Suite 400
Denver, CO 80202
(303) 571-1000
dkillmer@killmerlane.com
rallison@killmerlane.com
*Attorneys for Plaintiff*

Anthony E. Derwinski
Jeffrey C. Staudenmayer
Michele S. Carey
Ruegsegger Simons & Stern, LLC
1700 Lincoln St., Suite 4500
Denver, CO 80203
(303) 575-8026
aderwinski@rs3legal.com
jstaudenmayer@rs3legal.com
mcarey@rs3legal.com
*Attorneys for Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin Sung*

*s/ Tracy Williams*
Tracy Williams