Exhibit 1

| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>December 5, 2024 1:22 PM<br>CASE NUMBER: 2023CV31683 |
| Plaintiffs: ESTATE OF DUANE MANZANARES, JR., by and through its Personal Representative Mary Ann Trujillo<br><br>v.<br><br>Defendants: SAMUEL BAILEY, STEVEN WHITEMAN, and RYAN NELSON | ▲ **COURT USE ONLY** ▲<br><br><br>Case Number: 2023CV31683<br>Courtroom: 215 |
| **ORDER RE: APPLICABILITY OF OFFICIAL IMMUNITY AS AN AFFIRMATIVE DEFENSE** | |

THIS MATTER comes before the Court on Defendants Samuel Bailey, Steven Whiteman, and Ryan Nelson's Brief on the Applicability of the Common Law Public Official Immunity as an Affirmative Defense ("Brief"), filed on October 11, 2024. Plaintiff Estate of Duane Manzanares, Jr. thereafter filed a Response on October 25, 2024. The Court, having reviewed the related pleadings and relevant portions of the Court's file, FINDS and ORDERS as follows:

## BACKGROUND

Defendants were serving in their capacity as Denver Police Department officers on June 13, 2021. That evening, Defendants encountered Edward Manzanares, Jr. in the East Colfax area of Denver, and the ensuing confrontation resulted in Defendants discharging their firearms at Mr. Manzanares, causing his death. Consequently, Mr. Manzanares's estate brought a claim of excessive force under C.R.S. § 13-21-131 against Defendants. On September 20, 2024, the Court ordered briefing from the parties regarding the existence and applicability of the common law public official immunity doctrine as a defense to the claim, which both Defendants and Plaintiff subsequently submitted.

## ISSUES FOR CONSIDERATION

The issue before the Court, first, is whether common law public official immunity exists. If it is does, the issue then becomes whether common law public official immunity is available as an affirmative defense to claims brought under C.R.S. § 13-21-131.

Exhibit 1

## ANALYSIS

Plaintiff's claim is brought pursuant to C.R.S. § 13-21-131, a relatively new statute that imparts civil liability on peace officers for subjecting another person to the deprivation of any individual rights secured by the bill of rights, Article II of the Colorado Constitution. C.R.S. § 13-21-131(1). The statute additionally provides that:

> Statutory immunities and statutory limitations on liability, damages, or attorney fees do not apply to claims brought pursuant to this section. The "Colorado Governmental Immunity Act," article 10 of title 24, does not apply to claims brought pursuant to this section.
>
> Qualified immunity is not a defense to liability pursuant to this section.

C.R.S. §§ 13-21-131(2)(a), (b).

Notwithstanding these provisions, Defendants argue that there exists a common law public official immunity defense that remains available to them.[1] Two cases are relied on to credit Defendants' argument, *Trimble v. City and Cnty. of Denver*, 697 P.2d 716 (Colo. 1985) and *Leake v. Cain*, 720 P.2d 152 (Colo. 1986). For the purpose of this analysis, it should be noted that the Colorado Governmental Immunity Act ("CGIA") did not abrogate common law immunity, and no case law overruling the immunity addressed in *Trimble* and *Leake* was located.

As an initial note, the few jurisdictions that recognize "common law public official immunity" have made it clear that they do. *See*, *e.g.*, *Livesay v. Baltimore Cnty.*, 862 A.2d 33, 39 (Md. 2004) ("[O]fficials of Maryland counties enjoy common law public official immunity."); *City of Dist. Heights v. Denny*, 719 A.2d 998, 1002 (Md. Spec. App. 1998) ("In Maryland, public official immunity is recognized both at common law and by statute."); *Kinzer v. Fid. and Deposit Co. of Maryland*, 572 N.E.2d 1151, 1153 (Ill. App. 1991) ("Illinois recognizes the common law public official immunity doctrine.") (internal quotations omitted); *Honcik v. Norman Cnty.*, 2024 WL 3250561, *2 (Minn. App. 2024) ("Common-law official immunity protects government officials from being sued for taking discretionary actions in the

---

[1] Any mention of "qualified immunity" in the following analysis concerns only qualified immunity under state law, not federal qualified immunity, applicable "to a public official's conduct when she takes a discretionary action that a reasonable person would not know violates a clearly established constitutional right of the plaintiff." *Churchill v. U. of Colorado at Boulder*, 285 P.3d 986, 999 (Colo. 2012).

2

course of their duties."). By contrast, in Colorado, there is scant case law establishing common law immunity, and it essentially boils down to the official or qualified immunity discussed in *Trimble* and *Leake*.

In *Trimble*, the plaintiff brought suit against the Department of Emergency Medical Services, but the Department's manager argued that "he enjoy[ed] official immunity against all of Trimble's claims." 697 P.2d at 719, 727. To reach a decision on that contention, the court examined "the evolution of the principles of official immunity in Colorado law," noting that "[t]he doctrine of official immunity is grounded in common law." *Id.* at 727. *Leake* concerned whether the defendant police officers were entitled to immunity for their decision on whether to take an intoxicated person into custody. 720 P.2d at 163. In its opinion, the Colorado Supreme Court held that "the decision to take a person into protective custody is discretionary and protected by official immunity." *Id.* at 164. Likewise, "the decision by the Commerce City police officers not to assist [a person] to his home is protected by official immunity." *Id.*

These cases' implementation of "official immunity" is what Defendants claim establishes the common law official immunity that is not foreclosed by subsection (2)(b). However, further review of the cases reveals that official immunity is qualified immunity under Colorado common law. After reviewing immunity under Colorado law, *Trimble* addresses the question: "what type of immunity an official…performing discretionary acts within the scope of his office, enjoys under Colorado law." 697 P.2d at 729. "A review of case law in this area reveals that a majority of states have adopted a general rule holding that an official performing discretionary acts within the scope of his office enjoys only qualified immunity. He is shielded from liability for civil damages only insofar as his conduct is not willful, malicious or intended to cause harm." *Id.* The *Trimble* court decided to adopt the same qualified immunity rule. *Id.* Moreover, the *Leake* court's first statement in discussing immunity is that "[a] public official performing discretionary acts within the scope of his office enjoys qualified immunity." 720 P.2d at 163. At another point, the court recognizes that "[p]ublic officials will continue to enjoy qualified immunity." *Id.* at 160.

Both cases indicate that public officials are entitled to qualified immunity, and, regardless of whether such immunity is referred to as official or qualified, the focus is on whether a public official was performing discretionary actions within their authority and whether any actions were willful or malicious. *See*, *e.g.*, *Perreira v. State*, 768 P.2d 1198, 1215 n. 11 (Colo. 1989) ("Under the doctrine of official immunity, a public official enjoys a qualified immunity for discretionary actions—*i.e.*, those involving a judgment on a matter of policy—performed within the scope of his authority, [if] such actions are 'not willful, malicious or intended to cause

3

harm.'").[2]  Tellingly, in *Leake*, the court begins by reciting the standard for public official qualified immunity, then, in its next sentence, maintains the discretionary act standard but refers to "official immunity."  720 P.2d at 163.  Replacing qualified with official does not negate the fact that immunity afforded by either is the same.  Thus, any common law official immunity exists only insofar as common law qualified immunity, but there is no separate principle of common law public official immunity recognized in Colorado.

Defendants also rely on *Termin v. Johnson*, 2022CV30614 (Colo. Dist. Ct., Boulder Cty), to support their argument that common law public official immunity is an available defense to Plaintiff's claim.  In *Termin*, the Boulder District Court ruled that the common law public official immunity was not foreclosed by the CGIA and that Section 13-21-131(2)(b) did not bar common law public official immunity as a defense.  The Court respectfully disagrees with *Termin*'s reasoning on two points.  First, "official immunity" and "qualified immunity" are terms used interchangeably to describe the same concept.  Second, the Court agrees with Judge Vise's ruling that "qualified immunity" as it is used in subsection (2)(b) is not an ambiguous term.  *See* Plaintiff's Ex. 3, pp. 6-11.  Therefore, subsection (2)(b) bars the assertion of any qualified immunity defenses, and, as seen, qualified immunity under Colorado case law means a public official's immunity for discretionary acts, which is also referred to as "official immunity."

Call it by any name–qualified immunity, official immunity, or common law public official immunity–only one principle of immunity for discretionary acts has been described.  *Trimble* and *Leake* do not establish that Colorado recognizes a distinct common law public official immunity, rather what they describe as "official immunity" is synonymous with "qualified immunity."  The semantic argument for allowing an official immunity defense is unavailing because subsections (2)(a) and (2)(b) indicate the legislature's intent to bar any statutory immunity or qualified immunity doctrine that would otherwise prevent liability under the statute.[3]  Official immunity is encompassed by the term "qualified immunity," and, to the extent that common law qualified immunity exists, it is barred as a defense by the plain language of the statute.

---

[2] The jurisdictions subscribing to common law public official immunity describe the immunity that *Leake* and *Trimble* articulate.  *See*, *e.g.*, *Denny*, 719 A.2d at 1002 ("For common law public official immunity to apply: (1) the actor must be a public official, rather than a mere government employee or agent; (2) the conduct must have occurred while the actor was performing discretionary, as opposed to ministerial, acts; and (3) the actor must have performed the relevant acts within the scope of his official duties.  If those three conditions are met, the public official enjoys a qualified immunity in the absence of 'malice.'").

[3] Defendants make a passing reference to a "'good faith' immunity defense," Brief, p. 9, and it is unclear if this is a separate defense.  However, if it is, the Court has seen no authority supporting such a "good faith" defense.

## CONCLUSION

For the reasons stated above, the Court concludes that any "official immunity" that exists in Colorado is the same as "qualified immunity," and therefore is unavailable as a defense to claims brought under C.R.S. § 13-21-131.

ENTERED this 5th day of December, 2024.

BY THE COURT:

J. Eric Elliff
District Court Judge

_____

5