**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 24-cv-02353-GPG-TPO

VICTOR MOSES,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER HEALTH AND HOSPITAL AUTHORITY,
TODD GENTRY, individually,
STEPHEN MARINO, individually,
ANTHONY NORMAN, individually,
FELIPE CERVANTES, individually,
KYLE CARTER, individually,
JOHANNA AITKEN, individually,
LISA AITKEN-NELSON, individually,
JASON MOORE, individually,
DAMON ROMAN, individually,
E. M. ALFARO, individually,
BRIAN CAMOZZI, individually,
COURTNEY WHAM, individually, and
TAEGIN SUNG, individually,

      Defendants.

---

**SCHEDULING ORDER**

---

## 1.    DATE OF CONFERENCE

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) was held on

**December 19, 2024,** commencing at **9:30 a.m.** in Courtroom C-402, Second Floor, Byron G.

Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294 before U.S.

Magistrate Judge Timothy P. O'Hara. Appearing for the parties were:

1

**Darold W. Killmer**
Reid Allison
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dkillmer@killmerlane.com
rallison@killmerlane.com

**John R. Holland**
**Anna Holland Edwards**
Erica Grossman
Dan Weiss
HOLLAND, HOLLAND EDWARDS &
GROSSMAN, LLC
1437 High Street
Denver, CO 80218
john@hheglaw.com
anna@hheglaw.com
erica@hheglaw.com
dan@hheglaw.com

*Counsel for Plaintiff*

**Stanley L. Garnett**
**David Powell**
**Elaina Shively**
**Lys Runnerstrom**
**Kristin Arthur**
GARNETT POWELL MAXIMON BARLOW
900 Arapahoe Ave.
Boulder, CO 80302
(303) 991-3344
stan.garnett@garnettlegalgroup.com
david.powell@garnettlegalgroup.com
elaina.shively@garnettlegalgroup.com
lys.runnerstrom@garnettlegalgroup.com
kristin.arthur@garnettlegalgroup.com

*Counsel for Defendants City and County of*
*Denver, Todd Gentry, Stephen Marino, Anthony*
*Norman, Felipe Cervantes, Kyle Carter,*
*Johanna Aitken, Lisa Aitken-Nelson, Jason*
*Moore, Daman Roman, E.M. Alfaro, and Brian*
*Camozzi*

**Anthony E. Derwinski**
Michele S. Carey
RUEGSEGGER SIMONS & STERN, LLC
1700 Lincoln St., Suite 4500
Denver, CO  80203
T: 303.575.8026
F: 303.623.1141
aderwinski@rs3legal.com
mcarey@rs3legal.com

*Counsel for Defendants Denver Health and*
*Hospital Authority, Courtney Wham, and*
*Taegin Sung*

## 2.    STATEMENT OF JURISDICTION

This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §

1331, and the action was removed to this Court pursuant to 28 U.S.C. § 1441(a) [Doc. 1]. This

Court has supplemental jurisdiction over the non-federal question claims in this action pursuant to

28 U.S.C. § 1367, as they form part of the same controversy as the federal question claims. Jurisdiction supporting Plaintiff's claim for attorney fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State of Colorado at all relevant times stated herein.

### 3.    STATEMENT OF CLAIMS AND DEFENSES

### a.    Plaintiff's statement:[1]

Plaintiff Victor Moses was a police recruit at the Denver Police Academy, beginning his recruit training in September 2022. During the application and recruiting process, the Denver Police Department mandates recruits to disclose certain medical conditions on a Medical History Form, which requires evaluation and approval by a Denver Health doctor. The Medical History Form specifically states that it seeks to identify any "issues of particular concern," which include "risk factors for rhabdomyolysis (such as thyroid disease, renal disease, statin use, sickle cell trait, and sickle cell disease.)." On the application's Medical History Form, Mr. Moses expressly disclosed that he had sickle cell trait ("SCT") by checking off the box for SCT and adding "both my parents & I have the trait but never had any problems."

Mr. Moses excelled through his first three months of training, including frequent strenuous gym workouts, as well as practicing use of force techniques. Despite this, Victor Moses never became a police officer. Instead, he was catastrophically injured and permanently disabled on

---

[1] The entire facts section of Plaintiff's Complaint and Jury Demand [Doc. 1-1] is hereby incorporated as if set forth fully herein to ensure completeness.

January 6th, 2023, during the Police Academy's extremely violent recruit hazing ritual, known to all Denver Police as "Fight Day," a training by the Police Academy that requires recruits to do scenario-based drills, related to arrest, arrest control, overcoming resistance, self-defense, rendering aid, and follow up techniques.

While "Fight Day" purportedly provides necessary police arrest and seizure training, in reality, it has become a barbaric hazing ritual. During this four-stage "run the gauntlet" event, Denver police recruits must endure extreme exertion while being subjected to a series of violent assaults. Each recruit must complete all four stages as a condition of becoming a police officer. Any recruit who does not finish "Fight Day,"

During his Fight Day, Victor Moses, who Defendants knew had sickle cell trait, was repeatedly assaulted by multiple Denver Police officers, while Denver Health and Hospital Authority paramedics watched, tolerated, and enabled the officers. Even after his blood pressure crashed, his head slammed onto a tile floor, he repeatedly collapsed and lost consciousness, he reported experiencing extreme cramping and fatigue and was so incapacitated he could not stand up or walk even with assistance, he was pressured by police and cleared by paramedics to endure even more assaults, until he was finally transported to the hospital unconscious, facing death.

Victor Moses was hospitalized for the next four months. He underwent numerous surgical and medical procedures, including multiple fasciotomies and extensive dialysis. Both of his legs were amputated just below the knee. His care and treatment including additional surgeries is continuing.

In addition, the City and County of Denver is municipally liable for the conduct of the individual Denver Police Defendants in this case. Victor Moses suffered injuries during the

execution of Denver's annual, official, long-implemented "Fight Day" training regimen. This program is official, specific, approved by all relevant Denver Police policymakers and their delegates, and attributable to Denver as a city. "Fight Day" is held on City of Denver property, and the instructors who develop and instruct the program are City of Denver employees. Mr. Moses' participation in what the City itself calls "Fight Day," was not just part of the official training program of the City, but *mandatory* – and has been for every recruit of the Denver Police Academy for decades. Indeed, every member of the Denver Police Department at any rank, up to the Chief of the Department, has themselves participated as a recruit in this annual hazing ritual.

DHHA and Denver also have entity liability for their deliberately indifferent derelictions in training with regard to protecting recruits from the well-known specific dangers of exertional collapse for which there are widely used health and safety protocols in the military, sports as well as law enforcement. DHHA and Denver both knew Mr. Moses had SCT, did not share that information or train their respective employees with regard to the risks of exertional collapse. With deliberate indifference, DHHA also did not train its paramedics that they were to exercise independent medical judgment, not be police adjuncts, and cannot practice outside their practice scope.

Mr. Moses' life has been catastrophically altered as a result of Defendants' conduct, and he bring the following legal claims:

1. Excessive Force and Seizure in violation of Colorado Constitution, Article II, Section 7 and pursuant to Colo. Rev. Stat. § 13-31-131 – Against all Individual Police Department Defendants;

2. Excessive Force/Seizure in Violation of the Fourth Amendment and pursuant to 42

U.S.C. § 1983 – Against All Defendants;

3.   Due Process and Inalienable Rights Deprivations in violation of Colorado

Constitution, Article II, Sections 25, 3 and pursuant to Colo. Rev. Stat. § 13-31-131 –

Against all Individual Police Department Defendants;

4.   Willful and Wanton Acts or Omissions in Violation of C.R.S. § 24-10-118 – Against

Defendants Wham and Sung;

5.   Negligence in the Operation of a Public Hospital in violation of Colo. Rev. Stat. § 24-

10-106 – Against Denver Health and Hospital Authority; and

6.   Deliberate Indifference to Medical Needs and Conscience Shocking Behavior in

Violation of the 14th Amendment and pursuant to 42 U.S.C. § 1983 – Against all

Defendants.

**b.   Individual Police Department Defendants ("Police Defendants") and the City of Denver (collectively, the "City Defendants"):**

The City Defendants have raised multiple defenses to the claims brought by Plaintiff in

their Motion to Dismiss, (ECF No. 32), specifically that Plaintiff failed to state a claim for relief

as to all of his claims against the City Defendants, that Plaintiff's state claims against the Police

Defendants are precluded by the exclusivity of Colorado's Worker's Compensation Act, and that

Plaintiff's federal claims against the Police Defendants are barred by qualified immunity.  As the

Motion to Dismiss is still outstanding, Defendants are not yet required to file an answer and state

their defenses.  Defendants reserve the right to state their defenses after the Court's ruling on the

Motion to Dismiss has tailored the action.

c.    **Denver Health and Hospital Authority and Individual Paramedic
Defendants:**

Denver Health and Hospital Authority and its paramedics, Courtney Wham and Taegin

Sung, filed motions to dismiss (ECF #33 and #34) as to the claims asserted by Plaintiff. These

Defendants assert that the complaint summarily fails to state a plausible claim for which relief can

be granted. The motions are currently being briefed with Plaintiff's responses due December 16,

2024 and reply briefs due January 17, 2025. As the motions are still pending, these Defendants

have not filed an answer or stated their defenses. These Defendants reserve the right to state their

defenses after the Court's ruling on the motions.

## 4.    UNDISPUTED FACTS

The following facts are undisputed:

1.    Victor Moses applied to become a Denver Police Officer in the early part of 2022.

2.    Mr. Moses passed the interview and background investigation stages of the hiring

process, was hired as a Police Officer Recruit, and accepted into the DPD Police Academy.

3.    The Dynamic Action Drill is an official part of Denver Police recruit training to

train and test recruits on arrest control techniques.

4.    The Dynamic Action Drill is mandatory for Denver Police recruits.

5.    On January 6, 2023, the Dynamic Action Drill was held at the Denver Police

Academy for the recruits in Plaintiff's Basic Recruit Class.

6.    Mr. Moses was transported to UCHealth – University of Colorado Hospital by

ambulance.

## 5.    COMPUTATION OF DAMAGES

Plaintiff claims the following as set forth in paragraphs 309-345 with particularity and in

the prayer for relief:

A.    All appropriate relief at law and equity;

B.    Declaratory relief and other appropriate equitable relief;

C.    Economic losses including past and future lost earnings, impaired earnings capacity, past, ongoing and future medical and hospital charges on all claims and all other past, ongoing and future damages specified in the complaint in this category including a life care plan, as allowed by law;

D.    Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and all other past, ongoing and future pain and suffering, disfigurement, permanent disabilities, scarring, and the like including all such damages specified in the complaint factual section pertaining to his injuries damages and losses on all claims allowed by law in an amount to be determined at trial;

E.    Punitive damages on all claims allowed by law and in an amount to be determined at trial and upon suitable amendment with respect to the Fourth Claim for relief;

F.    Attorney fees and the costs associated with this action under 13-21-131. C.R.S. and 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law Attorney fees are not sought on the Third and Fourth Claims for relief;

G.    Pre-and post-judgment interest at the lawful rate; and

H.    Any other appropriate relief at law and equity that this Court deems just and proper.

I.    Plaintiff anticipates his damages in all categories including C.-E. exclusive of attorneys' fees and costs which will also be substantial, are between $50,000,000.00

and $100,000,000.00. Lost earnings and earnings capacity and life care plan included in C. are significant and included in this damages range estimate.

**Medical Expenses:**

The following is a list of expenses from UCHealth – University of Colorado Hospital from January 6, 2023 to August 18, 2024, and does not include individual health care provider charges which are still being sought and ascertained or other providers or facilities separate from UCHealth or at UCHealth since August 2024.[2]

| Service Dates | Total Charges |
|---|---|
| 01/06/23-4/27/23 | $ 3,812,693.70 |
| 4/27/23-5/18/23 | $ 231,409.76 |
| 5/31/2023 | $ 266.11 |
| 6/7/2023 | $ 1,216.61 |
| 6/12/2023 | $ 1,373.50 |
| 6/21/2023 | $ 867.19 |
| 7/26/2023 | $ 218.77 |
| 8/17/2023 | $ 52,138.13 |
| 8/29/2023 | $ 157.70 |
| 9/5/2023 | $ 166.60 |
| 9/14/2023 | $ 157.70 |
| 10/17/2023 | $ 157.70 |
| 10/27/2023 | $ 10,304.17 |
| 11/7/2023 | $ 729.10 |
| 12/19/2023 | $ 157.70 |
| 1/18/2024 | $ 10,657.33 |
| 1/31/2024 | $ 218.77 |
| 4/10/2024 | $ 23,448.92 |
| 5/15/2024 | $ 2,116.29 |
| 5/29/2024 | $ 2,056.92 |
| 6/3/2024 | $ 1,172.09 |

---

[2] City of Denver related defendants have recently provided copies of some of such additional charges and other payments through the Worker's Compensation system and are in possession of the same.

| 6/12/2024 | $ | 1,028.55 |
|---|---|---|
| 6/24/24-6/28/24 | $ | 247,593.16 |
| 6/30/2024 | $ | 2,130.99 |
| 7/3/2024 | $ | 282.31 |
| 7/10/2024 | $ | 4,033.79 |
| 7/18/2024 | $ | 2,325.79 |
| 7/24/2024 | $ | 282.31 |
| 8/8/2024 | $ | 990.22 |
| 8/14/2024 | $ | 656.52 |
|  |  |  |
| **TOTAL** | **$** | **4,411,008.40** |

A more precise computation of Plaintiff's damages, to the extent Plaintiff's damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress, in particular, are not susceptible to the type of calculation contemplated by Rule 26(a)(1). [C]ompensatory damages are hard to calculate and and "are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).

Punitive/Exemplary damages are sought based upon the egregious nature of the conduct of the defendants as set forth with respect to specific claims in the Complaint. Calculation of these damages and entitlements is premature and not susceptible to the type of calculation contemplated by Rule 26(a)(1).

**Defendants:**

Defendants deny Plaintiff is entitled to any damages. Defendants further deny Plaintiff suffered any losses as a result of Defendants' conduct and dispute each category of damages listed by Plaintiff. Defendants reserve the right to endorse rebuttal experts to respond to the damages

calculations submitted by Plaintiff or the opinions of any damages experts endorsed by Plaintiff. Defendants reserve the right to endorse experts based upon information learned during the course of discovery.

## 6.     REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(F)

a.     Date of Rule 26(f) meeting: **December 9, 2024.**

b.     Names of each participant and each party represented: Counsel for Plaintiffs, Darold Killmer and Reid Allison of Killmer Lane, LLP and John Holland of Holland Edwards & Grossman, LLC met with David Powell, Kristin Arthur and Lys Runnerstrom of GARNETT POWELL MAXIMON BARLOW and Anthony Derwinski of RUEGSEGGER SIMONS & STERN, LLC via Zoom.

c.     Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): Defendants propose that disclosures required by Rule 26(a)(1) not be made until thirty (30) days after the Court rules on Defendants' pending motions to dismiss.  Plaintiff will serve disclosures within the time limits outlined in Rule 26 and this Court's Setting Order.

**Court: Rule 26(a)(1) disclosures will be made on or before January 15, 2025.**

d.     Statement as to when Rule 26(a)(1) disclosures were made or will be made: ***See Section 6(c)***.

e.   The parties have not agreed to conduct informal discovery but will attempt to cooperate with informal requests for discrete documents to the extent feasible as the case unfolds.

f.   The parties agree to take all reasonable steps to reduce discovery and reduce costs.

g.   The parties anticipate that this case will involve a significant amount of electronically stored information, particularly with regard to the medical records of the Plaintiff.  The parties

agree to produce all information in electronic form in order to reduce litigation costs. The parties

agree that, with the exception of video (which shall be produced in an open-source format, such as

any file extension accessible by VLC), Plaintiff proposes that electronic documents will be

produced in PDF format, including those from proprietary database systems, but that native format

will be produced upon request, where  possible and feasible.  Defendants propose that electronic

documents be produced in their native format. The parties further agree to work cooperatively to

avoid discovery disputes related to electronically stored information.

h.    The parties agree to cooperate regarding taking remote depositions by telephone and

video conferencing where technically feasible and if necessary due to health restrictions or in an

effort to reduce costs. The parties reserve the right to take party and key witness depositions in

person if circumstances permit.

i.    Pursuant to Fed. R. Civ. P. 26(f), the parties have discussed the possibility for a prompt

settlement of the case. The parties will report the result of any future settlement discussions to the

Court as they deem necessary or useful.

## 7.    CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge. *See* Doc.

42.

## 8.    DISCOVERY LIMITATIONS

a.    Plaintiff proposes the number of depositions will be limited to 10 per side (Plaintiff,

collectively, is one side and Defendants, collectively, are one side), exclusive of party depositions,

Fed.R.Civ.P. 30(b)(6) depositions, and experts. Plaintiff proposes to limit the length of depositions

to 7 hours unless a longer deposition is agreed to by the parties or ordered by the court. Plaintiff

proposes that if additional depositions are felt to be needed beyond the 10 specified the parties will cooperate in good faith with each other to facilitate the same and if they cannot agree on the need for such additional depositions they will promptly submit the matter to the Court for a good cause determination.

Defendants propose the number of depositions be limited to 5 per side, exclusive of parties' depositions, Fed.R.Civ.P 30(b)(6) depositions and experts. Defendants propose to limit the length of depositions of parties, 30(b)(6) witnesses, and experts to 7 hours. Defendants propose to limit the length of any other non-party depositions to 4 hours except for good cause.

**Court: Depositions shall be limited to ten (10) per side, exclusive of party depositions, Fed. R. Civ. P. 30(b)(6) depositions, and experts. Depositions may last up to seven (7) hours.**

b.      **Interrogatories**:

i.      <u>Plaintiff's proposal</u>: Plaintiff shall be limited to 10 interrogatories to each of the individually-named Defendants; 25 interrogatories to Defendants City and County of Denver; and 25 interrogatories to Defendant Denver Health and Hospital Authority.

Each Defendant group represented by a separate set of attorneys may each serve a total of 25 interrogatories to the Plaintiff, collectively. Plaintiff requests that the Defendants work cooperatively to avoid duplication in their discovery requests.

ii.      <u>Defendants' proposal</u>: Plaintiff shall be limited to a total of 40 interrogatories, including subparts. Plaintiff will determine how to split the total number of interrogatories between Defendants.

Each Defendant group represented by a separate set of attorneys may each serve 20 interrogatories to Plaintiff.

**Court: Plaintiff shall be limited to 8 interrogatories per each individually-named defendant; 25 interrogatories to Defendants City and County of Denver; and 25 interrogatories to Defendant Denver Health and Hospital Authority. Each Defendant group represented by a separate set of attorneys may each serve 25 interrogatories to Plaintiff.**

c.     **Requests for Production and Requests for Admission**:

i.    <u>Plaintiff's proposal</u>: Plaintiff shall be limited to 10 requests for production and 10 requests for admission each to the individually-named Defendants; 25 requests for production and 25 requests for admission to Defendant City and County of Denver; and 25 requests for production and 25 requests for admission to Defendant Denver Health and Hospital Authority.

Each Defendant group represented by a separate set of attorneys may serve a total of 25 requests for production and 25 requests for admission to the Plaintiff. Plaintiff requests that the Defendants work cooperatively to avoid duplication in their discovery requests.

ii.    <u>Defendants' proposal</u>: Plaintiff shall be limited to a total of 30 requests for production and 30 requests for admission, including subparts. Plaintiff

will determine how to split his requests for production and requests for admission between Defendants.

Each Defendant group represented by a separate set of attorneys may each serve 15 requests for production and 15 requests for admission, including subparts.

**Court: Plaintiff shall be limited to five requests for production and 10 requests for admission per each individually-named Defendant; 25 requests for production and 25 requests for admission to Defendants City and County of Denver; and 25 requests for production and 25 requests for admission to Defendant Denver Health and Hospital Authority. Each Defendant group represented by a separate set of attorneys may each serve 25 requests for production and 25 requests for admission to the Plaintiff.**

d.    Deadline for Service of Written Discovery Requests: The Parties shall serve all written discovery requests no later than 30 days before the discovery cut-off.

e.    Other Planning or Discovery Orders:

i.    No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall comply with Magistrate Judge O'Hara's Discovery Dispute Procedures as outlined in the Uniform Civil Practice Standards of the United States Magistrate Judges regarding the issue. Both of these

steps must be completed before any contested discovery motions will be adjudicated by the Court.

ii.   Plaintiff proposes that no one shall be permitted to carry any firearms during in-person depositions in this matter. City Defendants oppose Plaintiff's proposed limitation. Individual Defendants are required to carry their firearms as an occupational requirement.

**Court: The Parties raised this dispute at the Scheduling Conference, but the Court issues no ruling on this matter. The Parties are to confer further on this dispute.**

iii.  The Parties anticipate the submission of a stipulated proposed protective order concerning confidential information to the Court by **January 6, 2025**. Defendants object to the submission of any protective order before the Court rules on Defendants' motion to stay discovery.

f.  **(1)     Rather than file a motion about a discovery dispute, the Parties first shall confer on the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to o'hara_chambers@cod.uscourts.gov. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion.**

> **(2)    The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally, such as face-to-face, in a video conference, or over the telephone. See D.C.COLO.MJ, § V(1). See also, Bautista v. MVT Services, LLC, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also occurs in a reasonable timeframe before any relevant deadline.**

### 9.    CASE PLAN AND SCHEDULE

Defendants have filed a motion to stay all discovery [Doc. 42] pending the outcome of Defendants' pending motions to dismiss. Accordingly, Defendants cannot agree to any deadlines related to discovery, dispositive motions or expert witness disclosures. In the event the Court denies the motion to stay, Defendants propose the Court set a status conference for the purpose of setting such deadlines required by this section of the scheduling order.

Counsel for the Parties have conferred extensively regarding Defendants' motion and Plaintiff opposes Defendants motion to stay discovery.

The plan and schedule must include the following items:

a.    Deadline for Joinder of Parties and Amendment of Pleadings**:** Plaintiff proposes the filing of amended and supplemental pleadings will be made pursuant to Fed. R. Civ. P. 15. Any motion to add punitive damages to the Willful and Wanton claim against the Defendant paramedics shall be due upon completion of substantial discovery as provided by Colorado law. Denver Health defendants propose that amended and supplemental pleadings be made pursuant to Fed. R. Civ. P. 15.

b.    Discovery Cut-off: **October 3, 2025**.

c.    Dispositive Motion Deadline: **November 7, 2025**.

d.    Expert Witness Disclosure

(1)    Statement regarding anticipated fields of expert testimony, if any:

a)    <u>Plaintiff</u>: Plaintiff anticipates calling retained experts in the following possible fields: police recruit training; police practices; emergency, internal, sports medicine or other  medical specialties, including paramedics and EMTs regarding police and paramedic/EMT training and practices, regarding SCT/Rhabdomyolysis and  including well known protocols, policies and practices for prevention of such exertional crises and collapses during such training  and all related matters(including proper  training and information exchanges between DPD and DHHA regarding Fight Day issues), causation,  hazing rituals; economic related damages and losses including all care and treatment charges and non-economic damages; life care planning including but not limited to future medical care, treatment and rehabilitation.[3]  Plaintiffs request that the Court require Defendants to comply with the Scheduling Order Rule regarding their anticipated experts so that Plaintiff can consider the same and or modify their list above, as appropriate.

---

[3] Plaintiff may call various non retained experts as well including but not limited to treating physicians regarding his medical history, diagnoses, prognoses, care and treatment, surgeries, organ damage, dialyses, hospital stays including reconstructions and limb and other function restoration efforts, prostheses, wound care, physical and other rehabilitative therapy, mental/psychological/psychiatric counseling, home health, billing charges  and the like.

b) <u>Defendants</u>: City Defendants anticipate they may designate experts to rebut the testimony of any experts endorsed by Plaintiff. Denver Health Defendants anticipate they may designate experts in EMS/paramedicine, emergency medicine, paramedical response and also may designate experts to rebut the testimony of any experts endorsed by Plaintiff to the extent they apply to the claims asserted against them or damages asserted by Plaintiff. Defendants also reserve the right to identify relevant fields of expert testimony and designate expert witnesses based on information revealed during the course of discovery.

(2)     Plaintiff proposes the parties shall be limited to a total of seven (7) retained expert witnesses per side.

Defendants propose the parties shall be limited to a total of four (4) retained expert witnesses per side.

**Court: the Parties shall be limited to a total of 7 retained expert witnesses per side. The Court advises the Parties to consider the purpose of the expert (i.e. affirmative/rebuttal/hybrid) prior to the disclosure deadline.**

e.     Plaintiff proposes the parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a) (2) on or before **July 18, 2025**. See Defendants' objection above.

    f.       Plaintiff proposes the parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a) (2) on or before **September 5, 2025**. See Defendants' objection above.

    e.       Deposition Schedule:

| Name of Deponent* | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Victor Moses | TBD | TBD | 7 hours |
| Chief Ron Thomas | TBD | TBD | 7 hours |
| Todd Gentry | TBD | TBD | 7 hours |
| Stephen Marino | TBD | TBD | 7 hours |
| Anthony Norman | TBD | TBD | 7 hours |
| Felipe Cervantes | TBD | TBD | 7 hours |
| Kyle Carter | TBD | TBD | 7 hours |
| Johanna Aitken | TBD | TBD | 7 hours |
| Lisa Aitken-Nelson | TBD | TBD | 7 hours |
| Jason Moore | TBD | TBD | 7 hours |
| Damon Roman | TBD | TBD | 7 hours |
| E.M. Alfaro | TBD | TBD | 7 hours |
| Brian Camozzi | TBD | TBD | 7 hours |
| Courtney Wham | TBD | TBD | 7 hours |
| Taegin Sung | TBD | TBD | 7 hours |
| Craig Klukas | TBD | TBD | 4-7 hours |
| | | | |
| | | | |
| Rule 30(b)(6), F.R.C.P. deposition(s) of Denver Police Department on topics TBD | TBD | TBD | 7 hours |

| Rule 30(b)(6), F.R.C.P. deposition(s) of Denver Health on topics TBD | TBD | TBD | 7 hours |
|---|---|---|---|
| Other individuals disclosed by the parties in their disclosures and discovery responses | | | |

\* The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures and through the course of discovery.

### 10. DATES FOR FURTHER CONFERENCES

a.       **A Status Conference on this matter will be held on March 13, 2025 at 1:00 p.m. before United States Magistrate Judge Timothy P. O'Hara in Courtroom C-402, on the fourth floor of Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.**

b.       **If no summary judgment motions are filed, the Parties shall contact District Judge Gallagher jointly <u>via email</u> (Gallagher_Chambers@cod.uscourts.gov) within <u>ten days</u> after the dispositive motions deadline to set a Final Pretrial Conference. *See* Section III.A. of District Judge Gallagher's Standing Order Regarding Pretrial and Trial Procedures – CIVIL. If dispositive motions are filed, Parties shall contact District Judge Gallagher jointly via email within <u>thirty days</u> after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference. *Id*. At least fourteen days before the scheduled date of the Final Pretrial Conference, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order. *Id*. It is the responsibility of Plaintiff's counsel (but if Plaintiff is pro se, it shall be Defendant's counsel's responsibility) to schedule meetings and then file and submit the proposed Final Pretrial Order. *Id*. If the Parties agree, Plaintiff may delegate**

responsibility for filing and submission to Defendant. *Id*. Unless otherwise ordered, the
Parties shall submit their proposed Final Pretrial Order <u>no later than seven days before
the date of the Final Pretrial Conference</u>. *Id*. The proposed Final Pretrial Order should
be filed in CM/ECF and submitted electronically in editable (Word) format directly to
District Judge Gallagher's Chambers at Gallagher_Chambers@cod.uscourts.gov. *Id*.

## 11. OTHER SCHEDULING ISSUES

a.      Statement of those discovery or scheduling issues, if any, on which counsel,
after a good faith effort, were unable to reach an agreement: As set forth in Defendants' Motion
for a Stay of Discovery Pending Ruling on the Motions to Dismiss, Defendants believe that
discovery should be stayed and the deadlines above not be set until after this Court rules on the
multiple motions to dismiss, which raise questions of qualified immunity and which may dispose
of the entire case. As noted, Plaintiff strongly opposes a stay and requests discovery commence
and deadlines be set as requested herein

b.      Statement of anticipated length of trial to the jury: Plaintiff proposes the trial
be scheduled for Fifteen (15) days. Defendants propose the trial be scheduled for no longer
than ten (10) days.

> **Court: The Parties raised this dispute at the Scheduling Conference. The Court
> does not issue a ruling at this time on the length of jury trial.**

c.      The Parties do not anticipate conducting any pretrial proceedings at the
District Court's facilities in Colorado Springs or Durango, unless set by this Court.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

The Scheduling Order may be amended once following the Court's order on Defendants' Motions to Dismiss without a showing of good cause.  Subsequent to that amendment, this Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 20th day of December, 2024.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge