# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02353-GPG-TPO

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

    Defendants.

## PLAINTIFF'S RESPONSE TO MOTION TO STAY DISCOVERY [DOC. 43]

### I. INTRODUCTION

On January 6, 2023, Defendants changed Victor Moses's life forever: they beat him and ignored his emergent medical condition to the point that he entered a coma and underwent a monthslong hospitalization with multiple surgeries, including amputations of both legs below his knees. Simply put, Defendants shattered Mr. Moses's image of what his life would be. This case is of national importance and has appropriately earned widespread media coverage.[1] Defendants now seek to deprive Mr. Moses of his ability to vindicate his rights before memories fade, witnesses scatter, and documents are lost.

---

[1] *See, e.g.* Associated Press, *Police recruit who lost both legs in 'barbaric hazing ritual' sues Denver, paramedics and officers*, https://apnews.com/article/denver-police-hazinglawsuit9098ccb36f43762c9f9fa91ab54041dd;
Washington Post, *Police Recruit lost both legs in 'Fight Day' training, lawsuit alleges*, https://www.washingtonpost.com/nation/2024/08/08/police-recruit-hazing-lawsuit/;
USA Today, *Former Denver police recruit sues over 'Fight Day' training that cost him his legs,* https://www.usatoday.com/story/news/nation/2024/07/30/denver-police-lawsuit-victor-moses-training/74610143007/;
Daily Mail, Black trainee police officer lost both his legs after 'barbaric hazing ritual' at Denver police academy, lawsuit alleges | Daily Mail Online

Contrary to their arguments, Defendants are not entitled to a stay simply because *some* of the individual defendants claim qualified immunity on *some* federal claims. Because Defendants cannot show that the burdens of normal civil discovery outweigh Plaintiff's right to proceed, Defendants have not established that they are entitled to a stay of discovery. Indeed, Defendants' motion makes no assertion of any undue burden specific to them that is distinct from the burden that all litigants must shoulder in a lawsuit.

## II. LEGAL STANDARD

"[T]he Tenth Circuit Court of Appeals stated almost thirty years ago that the right to proceed in court should not be denied except under the most extreme circumstances." *JTS Choice Enters. v. E.I. Dupont De Nemours & C.*, 2012 U.S. Dist. LEXIS 25858, at *2-3 (D. Colo. Feb. 29, 2012) (internal citation and quotation marks omitted). For this reason, "stays are generally disfavored in this district." *Id.* at *3.

> In this judicial district [] discovery stays are an exception rather than the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery. *See, e.g.*, *Estate of Ronquillo v. City & County of Denver*, 2016 U.S. Dist. LEXIS 199734, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) ("[Q]ualified immunity does not protect an official from all discovery, but only from that which is 'broad-reaching.'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593, n.14, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998) (emphasis in original))

*McGinn v. El Paso Cty.*, Civil Action No. 22-cv-01387-WJM-MDB, 2022 U.S. Dist. LEXIS 206266, at *4-5 (D. Colo. Nov. 14, 2022).

Defendants must show good cause for the issuance of a protective order under Fed. R. Civ. P. 26(c): that such an order is necessary to protect them from annoyance, embarrassment, oppression, or undue burden or expense. Defendants "cannot sustain that burden by offering simply conclusory statements," but rather must support their

2

request for a stay with a "particular and specific demonstration of fact." *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *2. "The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge v. Vargo & Janson, P.C.*, 2016 U.S. Dist. LEXIS 168543, at *3-4 (D. Colo. Nov. 28, 2016).

### III. ARGUMENT

**A. <u>Asserting a qualified immunity defense is not an automatic ticket to delay the entirety of a case.</u>**

Defendants' present motion for a stay is based entirely on their assertion of qualified immunity, as to individual defendants only, in their related motions to dismiss. *See* [Doc. 43] at 3-6. However, "[i]t is well settled in this District that the invocation of qualified immunity is not a bar to all discovery." *Kaufman v. Univ. of Colo. at Boulder*, Civil Action No. 15-cv-00406-LTB-NYW, 2015 U.S. Dist. LEXIS 106079, at *5 (D. Colo. Aug. 12, 2015). In a case like this one, "[a] blanket stay of discovery is unwarranted and unsupportable under *Rome*." *Johnson v. Santini*, 2014 U.S. Dist. LEXIS 156700, at *4 (D. Colo. Nov. 4, 2014) (Boland, J.) (citing *Rome*, 225 F.R.D. at 643-44).

Qualified immunity provides no basis to stay discovery on Plaintiff's municipal liability claims against Denver and DHHA.[2] *See Rome*, 225 F.R.D. at 644 ("First, the Court notes that the motion is made on behalf of all of the Defendants, including the Denver Police Department and the City and County of Denver. These two entities are not permitted to assert a defense of qualified immunity, and, therefore, are not entitled to a stay of discovery on the claims against them."). Moreover, Defendants have no qualified

---

[2] This also includes the 6th state law claim against DHHA for negligence in the operation of a public hospital, which again shares a core of common facts to the 1983 entity claims.

3

immunity defense to any of Plaintiff's state law claims. C.R.S. § 13-21-131(2)(b) ("Qualified immunity is not a defense to liability pursuant to this section.").[3] Importantly, all of Plaintiff's claims not subject to qualified immunity "share a common core of facts" with Plaintiff's claims that may be subject to the qualified immunity defense.[4] *See Kaufman*, 2015 U.S. Dist. LEXIS 106079, at *6. Discovery should proceed without further delay. *Id.*[5]

### B. **A growing chorus of judges in this District have rejected similar motions.**

In the last few years, multiple judges in this District have held that blanket stays on discovery are inappropriate even if some individual defendants have invoked qualified immunity. That progeny of caselaw stems from *Rome*. 225 F.R.D. at 640. For example, in *Moses-EL v. City and County of Denver*, Judge Krieger stated:

> Although the Court is mindful of the discussion in *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), regarding the necessity to shield the individual Defendants from the indirect burdens of discovery, this Court does not read that case to automatically entitle entities—who are not entitled to qualified immunity—to the same broad protection [against] discovery that individuals asserting qualified immunity have. This is particularly so as, here, Denver has not asserted that the Plaintiffs have even served any discovery requests yet, much less demonstrated that such requests unduly burden the individual Defendants. The Court can conceive of many topics of discovery that can be sought from Denver without implicating the individual Defendants' interests, including the identification and production of City policy statements, manuals, training materials, personnel records, correspondence and information not involving the individual Defendants, and information relating to comparable cases involving similarly-situated individuals.[6]

---

[3] As shown in [Doc. 47] at pp 6-7, including FN 4, under 24-10-118 (2.5), C.R.S. the paramedics immunity defense to Plaintiff's willful and wanton claim against them is statutorily **subject to** permitting relevant factual discovery bearing on such defense for hearing before decision.
[4] Defendants agree that this discovery would be "interconnected." *See* [Doc. 43] at 4.
[5] The paramedic discovery permitted under 24-10-118 (2.5) involves identical "common core of facts" to the 1983 claims against them as to which federal QI is also asserted.
[6] Here the Court in the Scheduling Order has already non burdensomely initially limited Interrogatory requests to individual defendants to 8, RFPs to 5 and RFAs to 10.

> Accordingly, the Court cannot say that a wholesale, derivative stay of discovery against Denver is proper, and the Court overrules Denver's Objections. Denver may, of course, challenge the appropriateness of a specific discovery request if it believes that such a request compromises the individual Defendants' immunity from discovery (as discussed in *Iqbal*). But to the extent that Denver contends that it is automatically and completely entitled to piggyback on the individuals' immunities from discovery, the Court finds that argument without merit.

No. 17-cv-03018-MSK-MJW, [Doc. #93] (D. Colo. July 16, 2018); *see also Vaughn v. Rhea*, 2006 U.S. Dist. LEXIS 24815, at *1 (D. Colo. Apr. 12, 2006).

Judge Brimmer has noted that "qualified immunity does not provide a broad protection against all discovery" in holding that a magistrate judge properly denied a motion to stay. *Wanstall v. Armijo*, Civil Action No. 13-cv-02789-PAB-BNB, 2014 U.S. Dist. LEXIS 130281, at *6-9 (D. Colo. Sep. 16, 2014). Judge Wang has followed this reasoning. *Ronquillo v. City & Cnty. of Denver*, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) (holding that "qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford-El*, 523 U.S. at 593, n.14 (emphasis in original)). Judge Martinez has issued multiple orders consistent with *Rome* and its progeny. *Estate of Bailey v. City of Colo. Springs*, Civil Action No. 20-cv-1600-WJM-KMT, 2020 U.S. Dist. LEXIS 214552 (D. Colo. Nov. 17, 2020); *Parmar v. City of Aurora*, Civil Action No. 20-cv-2801-WJM-NRN, 2021 U.S. Dist. LEXIS 81136 (D. Colo. Apr. 28, 2021). Magistrate Judge Neureiter also rejected the argument that an invocation of qualified immunity must stay discovery. *Estate of McClain v. City of Aurora*, Civil Action No. 20-cv-02389-DDD-NRN, 2021 U.S. Dist. LEXIS 17099 (D. Colo. Jan. 29, 2021); *Love v. Grashorn*, Civil Action No. 21-cv-02502-RM-NRN, 2022 U.S. Dist. LEXIS 93199, at *8 (D. Colo. May 24, 2022). Magistrate Judge Dominguez Braswell has correctly held that where "a successful qualified immunity defense would not be dispositive of all claims in

5

the proceeding" a stay is inappropriate "based on the invocation of qualified immunity alone." *McGinn v. El Paso County, Colorado*, Civil Action No. 22-cv-01387-WJM-MDB, 2022 U.S. Dist. LEXIS 206266, at *6 (D. Colo. Nov. 14, 2022).

This Court should follow suit and reject Defendants' assertion that the invocation of qualified immunity entitles them to a blanket stay of all discovery in this case.

### C. This Court should employ a modified *String Cheese* analysis, which confirms that discovery should proceed as to all Defendants.

Although the Tenth Circuit has not established this standard, courts in this District have often applied the test outlined in *String Cheese Incident, LLC v. Stylus Shows, Inc.* ("*String Cheese*"), in determining whether to stay discovery. 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006). The *String Cheese* test requires Defendants to establish that the balance of the following five interests tips in their favor: (1) Plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.* at *4. The weight of these factors in the present case strongly militates that discovery proceed. That result is even more apparent when the Court includes in its analysis an important consideration that is crucial to determining whether there is "good cause" for a stay, but was not addressed in *String Cheese*: likelihood of success of the motion to dismiss.[7] Many jurisdictions[8] employ this "preliminary peek," and this Court

---

[7] A preliminary peek "allows judges to refine their balancing in a way that allows them to minimize the risk of unnecessary costs and burdens" when "discovery is unlikely to prove wasteful and any risk is outweighed by the harms associated with delay." Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71, 88 (2012).

[8] *See, e.g., Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Feldman*, 176 F.R.D. at 652; *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D.

6

should follow these courts in considering the likelihood of success of the pending motion to dismiss. Courts in this District have properly adopted this approach. *See, e.g.*, *Love*, 2022 U.S. Dist. LEXIS 93199, at *8. Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am.,* 2012 U.S. Dist. LEXIS 704, at *6, Defendants have not met their heavy burden to show that the filing of a motion to dismiss constitutes "extreme circumstances" sufficient to justify a stay. *Robert W. Thomas*, 2012 U.S. Dist. LEXIS 114092, at *6-7.

### 1. Plaintiff's interest in proceeding expeditiously militates in favor of allowing discovery to proceed.

Plaintiff would be substantially prejudiced by a stay because "the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *3. Granting Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and . . . the delay would significantly impact and prejudice [Plaintiff's] right to pursue [his] case and vindicate [his] claim[s] expeditiously." *String Cheese*, 2006 U.S. Dist. LEXIS 97388, at *6 (citation omitted). "[A] stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *4. This Court should rely on the prejudice that would be inflicted upon Plaintiff by delay if a stay is granted and deny

---

284, 286 (S.D. Cal. 2000); *Ameris Bank v. Russack*, 2014 U.S. Dist. LEXIS 73460, 2014 WL 2465203 at *1 (S.D. Ga. 2014); *Great W. Cas. Co. v. Firstfleet, Inc.*, No. CA 12-00623-KD-N, 2013 U.S. Dist. LEXIS 92465, at *5 (S.D. Ala. July 2, 2013); *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12-8093-PCT-PGR, 2012 U.S. Dist. LEXIS 168101, at *4 (D. Ariz. Nov. 27, 2012); *Ceglia v. Zuckerberg*, No. 10-CV-569A(F), 2012 U.S. Dist. LEXIS 85633, at *5 (W.D.N.Y. June 20, 2012).

Defendants' motion. *See Estate of McClain*, 2021 U.S. Dist. LEXIS 17099, at *12. Indefinitely delaying Plaintiff's ability to depose and serve written discovery on witnesses will cause Plaintiff to suffer obvious and substantial prejudice.

### 2. Allowing discovery to proceed does not unfairly burden Defendants.

Defendants have shown no particularized facts that demonstrate they will suffer a clearly defined and serious harm associated with moving forward with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "[A]bsent an extraordinary or unique burden imposed by the discovery at issue," courts often find that "on balance, a consideration of the first two *String Cheese* factors weigh against the imposition of a stay." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. June 22, 2011). Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. *Id.* "The ordinary burdens with litigating a case do not constitute undue burden." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *3. Ultimately, the concerns raised by Defendants, which are based on invoking qualified immunity, are the type of "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, [that] do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008). At best, "[t]he first two factors cancel each other out as any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, Civil Action No. 16-cv-1084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, at *4 (D. Colo. Sep. 13, 2016).

### 3. Convenience to the Court, the public interest, and the interests of third parties are all served by allowing discovery to proceed.

The "convenience to the Court weighs against granting the stay as cases that linger on the Court's docket are more difficult to manage." *Bitco Gen. Ins. Corp.*, 2016 U.S. Dist. LEXIS 185941, at *4; *Yeiser*, 2019 U.S. Dist. LEXIS 129554, at *15; *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *3; *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *4. A stay is not an efficient use of judicial resources because of the impact it has on court dockets. *A.A. v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045, at *9-10 (D. Colo., July 12, 2012).[9]

For similar reasons, a delay in court proceedings harms the public interest. There is a "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *5. Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *4-5.

> The relation between case disposition time and civil justice goals is straightforward. . . . . Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably.

---

[9] A preliminary peek at [Docs. 46-48] shows with respect to multiple QI fact issues raised, e.g., *without any limitation*, conscience shocking conduct, the deliberate indifference subjective element, consent, incapacity, the subdued defenseless state of Moses to leave or even move, individual Defendants' opportunities to intervene, custody and willful and wanton conduct, that discovery is routinely judicially determined to be necessary to determine QI issues both in this district and nationally. This is because Courts often find they are not in a position to fairly dismiss such fact-laden claims based on QI at such an early stage where the alleged facts must all be accepted as true. A stay would greatly impede the Court's ability to efficiently determine the QI issues in this case.

Michael Heise, Justice Delayed: *An Empirical Analysis of Civil Case Disposition Time*, 50 Cas. W. Res. L. Rev. 813, 814 (2000).

Other third-parties, as well as the public in general, plainly have a strong interest "in learning as soon as possible whether [Plaintiff's] allegations are true. *"V.S." v. Muhammad*, 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008). "[T]he public [has] an interest in assuring that institutions" such as the Denver Police Department "[were] operating within the bounds of the law." *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, at *12-13 (D. Colo. Mar. 12, 2013). In other words, the public has the right to know whether Defendants violated Mr. Moses's rights. *See A.A.*, 2012 U.S. Dist. LEXIS 96447, at *14 ("[T]he public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials"). Because Plaintiff's allegations "call into question . . . the competence and good faith" of public entities, the interests of third parties and the public in quickly discovering the veracity of Plaintiff's allegations weigh against granting a stay. *See "V.S."*, 2008 U.S. Dist. LEXIS 96099, at *10.

## IV. CONCLUSION

Given the multiple factually intertwined claims that are indisputably discoverable, and not stayable, this application to prevent all discovery stands out among the cited cases denying such stay as particularly weak and non-meritorious. Accordingly, Defendants' motion must be denied.

DATED this 2nd day of January 2025.

KILLMER LANE, LLP

*/s/ Darold W. Killmer*
Darold W. Killmer
Reid Allison

10

K<span>ILLMER</span> L<span>ANE</span>, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dkillmer@killmerlane.com
rallison@killmerlane.com

John R. Holland
Anna Holland Edwards
Erica Grossman
Dan Weiss
H<span>OLLAND</span>, H<span>OLLAND</span> E<span>DWARDS</span> & G<span>ROSSMAN</span>, LLC
1437 High Street
Denver, CO 80218
john@hheglaw.com
anna@hheglaw.com
erica@hheglaw.com
dan@hheglaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing will was filed via CM/ECF, which will send notification to the following:

Stanley L. Garnett
David Powell
Elaina Shively
Lys Runnerstrom
Kristin Arthur
G<span>ARNETT</span> P<span>OWELL</span> M<span>AXIMON</span> B<span>ARLOW</span>
900 Arapahoe Ave.
Boulder, CO 80302
(303) 991-3344
stan.garnett@garnettlegalgroup.com
david.powell@garnettlegalgroup.com
elaina.shively@garnettlegalgroup.com
lys.runnerstrom@garnettlegalgroup.com
kristin.arthur@garnettlegalgroup.com

*Counsel for Defendants City and County of Denver, Todd Gentry, Stephen Marino, Anthony Norman, Felipe Cervantes, Kyle Carter, Johanna Aitken, Lisa Aitken-Nelson, Jason Moore, Daman Roman, E.M. Alfaro, and Brian Camozzi*

Anthony E. Derwinski

11

Michele S. Carey
RUEGSEGGER SIMONS & STERN, LLC
1700 Lincoln St., Suite 4500
Denver, CO  80203
T: 303.575.8026
F: 303.623.1141
aderwinski@rs3legal.com
mcarey@rs3legal.com

*Counsel for Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin Sung*

                                            KILLMER LANE, LLP

                                            *s/ Jesse Askeland*
                                            _____
                                            Jesse Askeland