IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02353-GPG-TPO

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

    Defendants.

___

**STIPULATED PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION**
___

**Timothy P. O'Hara, United States Magistrate Judge.**

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information.

It is hereby ORDERED that:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs, Defendants, and/or current or former employees of the City and County of Denver, Denver Health and Hospital Authority, and any related entities. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation of this matter and trial (including any appeal) of this case.

4. As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys working on this case;

   (b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the Parties and designated representatives for Defendant;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents and witnesses;

    (h) potential witnesses on issues specific to that person's area of knowledge; and

    (i) other persons by written agreement of the parties.

  7.  Prior to disclosing any CONFIDENTIAL information to persons listed in (d), (g), or (h) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written assurance that such individual agrees to be bound by its terms. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

  8.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

  9.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  10.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the discovery dispute within ten business days after the time the notice is received, the parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. If the designating Party fails to contact the Court within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order, unless otherwise directed by the Court. In connection with a request made to the Court under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. The Parties shall comply with D.C.COLO.LCivR 7.2, and explicitly identify and discuss each factor in any motion or request to restrict access based on this Protective Order pursuant to this Court's Practice Standards at VII(F). If authorized by Plaintiff, and with reasonable notice to Defendants, counsel for Plaintiff may withdraw the confidential designation of specific

medical records such that they may be filed publicly by any party if properly redacted to comply with this Court's CM/ECF filing procedures.

13.    The terms of this Order survive the termination of this action.

14.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard. However, the Court shall not maintain jurisdiction to enforce the Protective Order after the case is closed.

DATED at Denver, Colorado, this 13th day of January, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge