IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-02353-GPG-TPO

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER HEALTH AND HOSPITAL AUTHORITY,
TODD GENTRY, individually,
STEPHEN MARINO, individually,
ANTHONY NORMAN, individually,
FELIPE CERVANTES, individually,
KYLE CARTER, individually,
JOHNNA AITKEN, individually,
LISA AITKEN-NELSON, individually,
JASON MOORE, individually,
DAMON ROMAN, individually,
E. M. ALFARO, individually,
BRIAN CAMOZZI, individually,
COURTNEY WHAM, individually,
TAEGIN SUNG, individually,

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

---

    Defendants City and County of Denver, Colorado ("City of Denver"); Todd Gentry; Stephen Marino; Anthony Norman; Felipe Cervantes; Kyle Carter; Johnna Aitken; Lisa Aitken-Nelson; Jason Moore; Damon Roman; E.M. Alfaro; and Brian Camozzi (the "Police Defendants" and collectively with City of Denver, the "City of Denver Defendants"), along with Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin

Sung (the "Denver Health Defendants"), respectfully submit this reply in support of their Motion to Stay Discovery (the "Stay Motion").

## INTRODUCTION

Through three motions, Defendants have moved to dismiss each of Plaintiff's claims against them, arguing statutory bars, qualified immunity, and failure to state a claim. Because judicial efficiency is served by first resolving threshold questions and dispositive motions that may ultimately limit the scope of the claims prior to permitting discovery, Defendants respectfully request a stay of discovery.

In his Response to the Stay Motion, Plaintiff objects to a stay, arguing that because other judges in this district have denied stays in the past, in entirely different cases with entirely different facts, that should somehow be persuasive here, in this Court's fact-based, case-by-case determination. However, the other cases Plaintiff cites are non-binding and distinguishable; more relevant here, past cases with similar facts have resulted in a stay of discovery. Plaintiff further urges this Court to apply a "modified *String Cheese* analysis" to find that a stay is not appropriate, with no binding authority to support the request. However, this modified analysis has been expressly rejected in cases where the motion to stay was referred to the magistrate judge, but the motion to dismiss was not.

Because Plaintiff's arguments are unavailing, and for all the reasons argued in the Stay Motion, Defendants respectfully request a stay of discovery pending resolution of the three potentially dispositive motions to dismiss pending before Judge Gallagher.

2

# ARGUMENT

I. **Where the motion to dismiss has not been referred, a "preliminary peek" is neither necessary nor appropriate**

At this stage, when the district court judge has not "had an opportunity to consider the merits of Defendants' motion to dismiss," it is proper for the magistrate judge, on a referred motion, to "decline to presume" the merits of Plaintiff's action. *Est. of George*, No. 20-CV-00522-CMA-GPG, 2020 WL 13825346, at *2 (D. Colo. Nov. 6, 2020). This is clear because, "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case." *Id.* at *1 (quoting *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017)). As was noted in *Lucero v. City of Aurora*, the preliminary peek that Plaintiff requests, is "an improper intrusion on the authority of the district court judge, who *has not referred the motion to dismiss to this court for a recommendation.*" No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, *6 (D. Colo. Sept. 13, 2023) (emphasis added). Courts have recognized this intrusion as inappropriate because "[e]xamining the merits . . . on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay." *Est. of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019).

Further, where qualified immunity has been raised, "the Supreme Court does not appear to have countenanced the idea that only those defendants who will ultimately prevail on their qualified immunity defense are entitled to be free of the burdens of pretrial

3

discovery." *Lucero*, 2023 WL 5957126, at *7. On the contrary, "the fundamental structure for evaluating entitlement to qualified immunity is only overcome when the *plaintiff* satisfies a heavy two-part burden." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). This court should decline to apply a modified *String Cheese* test because it would require "refram[ing] the burdens established by the long-settled law regarding qualified immunity." *Id.*

Finally, as a practical matter, a restricted preliminary peek may yield more confusion than clarification, and a wrong conclusion at the hands of a cursory look threatens negative effects for either side. *See id.* ("[T]he wrong call on a cursory look could improperly thrust a defendant entitled to qualified immunity into a contentious discovery process . . ., but a plaintiff might equally suffer negative consequences from an erroneous call."). To avoid unintended consequences and only decide the issues before it, where the dispositive motion to dismiss has not been referred to the magistrate judge, this Court should "focus on the established *String Cheese* factors—objective standards that do not depend on a referral judge's largely uninformed call about the merits of immunity defenses." *Id.*

II. **Determining whether to grant a stay requires a fact-based, case-specific analysis, and it cannot be done by merely following the crowd.**

"A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *G.A. Resort Condo. Ass'n, Inc. v. Chi. Title Timeshare Land Tr., Inc.*, 19-cv-01870-RM-GPG, 2020 WL 5815029, *4 (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). As such, other decisions by federal district court judges in the District of

4

Colorado carry no precedent and bear no weight regarding the issues and facts before the court in this case. *See id.* It is proper for this court to review the motion independently to examine and decide whether a stay is appropriate pursuant to the well-established *String Cheese* test. Even if this court were to look to other cases for guidance, the cases cited by Plaintiff are distinguishable, and similar cases to that at bar have resulted in a stay of discovery.

### A. The cases cited by Plaintiff are distinguishable and support the concept that consideration of a motion to stay is a case-by-case determination

Plaintiff cites other District of Colorado cases for the notion that because other judges deny stays, a stay should also be denied here. These cases, however, either granted stays, are readily distinguishable from the case before this Court, or simply stand for the premise that motion-to-stay determinations are properly reviewed independently by a magistrate judge on a case-by-case basis.

First, Plaintiff cites cases where a stay was granted or partially granted. *Moses-El v. City & Cnty. of Denver*, No. 17-cv-03018-MSK-MJW, 2018 WL 11309813, at *3 (D. Colo. Apr. 18, 2018); *Vaughn v. Rhea*, No. CIVA04CV01002MSKCBS, 2006 WL 994458, at *1 (D. Colo. Apr. 13, 2006); *Wanstall v. Armijo*, 13-cv-02789-PAB-BNB, 2014 WL 4636457, at *3 (D. Colo. Sept. 16, 2014). Similar to the stays granted in these cases, a stay should also be granted here. Next, Plaintiff cites cases that are distinguishable and provide no helpful guidance as the motions to stay were not referred to a magistrate judge, and instead they were before the district court judge who was concurrently reviewing the dispositive motion to dismiss, giving the judge a proper, more fulsome view of the case. *Estate of Bailey v. City of Colo. Springs*, No. 20-cv-1600-WJM-KMT, 2020 WL 6743789,

5

at *1–2 (D. Colo. Nov. 17, 2020); *Parmar v. City of Aurora*, No. 20-cv-2801-WJM-NRN, 2021 WL 1662719, *1–2 (D. Colo. Apr. 28, 2021).

Plaintiff then cites cases where the court weighed the unique case before it, utilizing the *String Cheese* factors, and denied a stay. *Ronquillo v. City & Cnty. of Denver*, No. 16-cv-01664-CMA-NYW, 2016 WL 10842586, at *2 (D. Colo. Nov. 14, 2016); *Estate of McClain v. City of Aurora*, No. 20-cv-02389-DDD-NRN, 2021 WL 307505, at *2–5 (D. Colo. Jan. 29, 2021); *McGinn v. El Paso Cnty.*, 640 F. Supp. 1070, 1076–77 (D. Colo. 2022). All that *Ronquillo*, *Estate of McClain*, and *McGinn* stand for is the concept that whether to impose a stay is a case specific determination that requires the court to perform an independent analysis in each case—different here, on the facts of this case, the *String Cheese* factors weigh in favor of granting a stay. And last, Plaintiff cites a case where the magistrate judge took a preliminary peek to deny a stay. *Love v. Grashorn*, No. 21-cv-02502-RM-NRN, 2022 WL 1642496, at *3–8 (D. Colo. May 24, 2022). As explained above, the preliminary peek employed in *Love* is not proper here where the motion to dismiss has not been referred. These cases do not provide the support Plaintiff needs.

**B. Using the non-modified *String Cheese* analysis, stays have regularly been granted under similar facts**

Although this Court is not bound by any district court case, were it to go searching for guidance beyond precedent on the motion to stay analysis, there is likewise guidance to be found for granting a stay under facts similar to this case. Undergoing such a search, a few helpful cases come to light.

In *Estate of George v. City of Rifle*, the court explained that "[w]hile courts may be less inclined to stay discovery pending resolution of a Rule 12(b)(6) motion to dismiss,

6

courts may be more inclined to stay discovery if the motion impacts immunity or jurisdictional issues." 2020 WL 13825346, at *2 (citations omitted). In that case, the City of Rifle and two police officers were sued as a result of George's death. *Id.* at *1. The defendants filed a motion to dismiss, arguing in part that one of the individual police defendants was entitled to qualified immunity. *Id.* The court began its analysis by rejecting the plaintiff's argument that a "modified *String Cheese* analysis" should apply. *Id.* The court then carefully reviewed each of the *String Cheese* factors to find that the stay was appropriate. *Id.* at *2–3.

As to factor one, the court found distinguishable plaintiff's concerns about memories fading, witnesses becoming unavailable, and documents vanishing, from those of the plaintiffs in the originating case regarding these concerns, *Lester v. Gene Express, Inc.*, where the issue before the court there was whether to stay discovery pending a motion to partially dismiss and compel arbitration. *Id.* at *2 (citing *Lester v. Gene Express, Inc.*, No. 09-CV-02648-REB-KLM, 2010 WL 743555, at * 1 (D. Colo. Mar. 2, 2010)). Ultimately, on this factor, the court found the interest in resolving the threshold immunity question outweighed plaintiff's concerns. *Id.* On factor two, the court identified that because it would be "difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not," the Defendants had demonstrated that proceeding with discovery presents an undue burden. *Id.* As to factor three, the court found that judicial efficiency would be served by first resolving the pending motion that may be dispositive. *Id.* at *3. Factor four was not relevant where there were no nonparties with significant particularized interests in the

7

case, and any claim that the public has a right to know about a public entity's use of excessive force was "not germane to the analysis and merely speculative." *Id.* And as to the final, fifth factor, the court held that "the general public's primary interest in this case is an efficient and just resolution.," which weighed in favor of a stay. *Id.* Finding that the *String Cheese* factors weighed in favor of a stay, the court stayed discovery pending resolution of the defendant's motion to dismiss. *Id.*

The facts before this court are quite similar to the facts present in *Estate of George*, and the analysis used by the court there is worthwhile guidance for determining the motion to stay before this Court. As to prong one, as pointed out in *Estate of George*, the case cited for the factor one concern that "memories . . . may fade, witnesses may . . . become unavailable, or documents may become lost," *Lester*, 2010 WL 743555, at *1, expressed concerns over the passing of time if the court were to stay discovery awaiting a decision to dismiss *and compel arbitration*. *Est. of George*, at *2. Obviously, discovery would be worthwhile regardless of the outcome of such a motion to dismiss, either in the court or arbitration proceedings. Here, where the motion to dismiss may dispose of the case entirely and there is no possibility of arbitration to follow, concerns over vanishing evidence are baseless. As to factor two, similar to the City of Rifle in *Estate of George*, the entity Defendants in this case would be unduly burdened if discovery were to proceed because it would be "difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not." *Id.* For factor three, as in *Estate of George*, judicial economy would be preserved by "pausing discovery until it is determined which claims, if any, have survived Defendants' motion to

8

dismiss." *Id.* at *3. Like in *Estate of George*, factor four bears no weight here as there are no nonparties with significant particularized interests in this case, and Plaintiff's arguments as to the public's right to know "is not germane to this analysis and merely speculative." *Id.* Finally, as applies in this case, the fifth factor weighs in favor of a stay because "the general public's primary interest in this case is an efficient and just resolution." *Id.* Analyzing the Defendants' motion to stay under the lens of the court's decision in *Estate of George* properly results in a grant of the motion to stay.

Reviewing other decisions by courts in this district on referred motions to stay pending motions to dismiss reveal that when the *String Cheese* factors weigh in favor of a stay, as they do here, a stay is granted. For example, in *G.A. Resort Condominium Ass'n, Inc. v. ILG, LLC et al.*, the court granted a stay of discovery after analyzing the defendants' motion as to two defendants under the *String Cheese* test, recognizing courts' increased inclination to grant a stay if a pending motion to dismiss raises jurisdictional or immunity issues. 2020 WL 5884684, *1–2. And in *Johnson v. Boyd*, where Johnson raised an ADA claim and three section 1983 claims, Boyd moved to dismiss and to stay discovery, raising qualified immunity. No. 22-cv-00042-GPG, 2022 WL 22402296, * 2 (D. Colo. Apr. 4, 2022). Upon considering the *String Cheese* factors, the court found a stay appropriate.

Applying the *String Cheese* test to the facts of this case, this Court will find, as was similarly found in *Estate of George*, *G.A. Resort*, and *Johnson*, that a stay is appropriate in this case.

### III.    The *String Cheese* factors weigh in favor of a stay

The sum of the five *String Cheese* factors weighs in favor of a stay in this case. Weighing the relative burdens on the parties under factor one and two, in his response, Plaintiff has not identified any specific prejudice that would result from a temporary stay, and instead recites vague concerns over evidence fading, concerns that are not properly present in the context of a motion to stay, *see Est. of George*, 2020 WL 13825346, at *2, and Defendants have raised qualified immunity and statutory bars, for which imposing a stay in light of the assertions does not require "some showing of an 'extraordinary or unique burden imposed by the discovery at issue,'" *Lucero*, 2023 WL 5957126, at *8 (quoting *Wells v. Dish Network, LLC,* No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011)). On balance, factors one and two weigh in favor of a stay. Factor three weighs in favor because it is objectively "certainly more convenient for the Court to stay discovery in the matter until it is clear which claims, if any, will proceed against which Defendant." *Id.* at *10. As previously described, factor four has no weight here, and factor five weighs in favor of a stay because "the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances." *Id.* (quoting *Thakuri*, 2019 WL 6828306, at *3).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order vacating the scheduling conference and staying discovery pending the Court's resolution of the pending motions to dismiss.

Respectfully submitted this 16th day of January, 2025.

GARNETT POWELL MAXIMON BARLOW & FARBES

*s/ Stanley L. Garnett*
Stanley L. Garnett, Reg. No. 12282
David D. Powell, Reg. No. 16152
Elaina Shively, Reg. No. 42737
Lys Runnerstrom, Reg. No. 47423
Kristin L. Arthur, Reg. No. 52397
1125 17th Street, Suite 2200
Denver, CO 80202
Phone: (303) 991-3344
stan.garnett@garnettlegalgroup.com
david.powell@garnettlegalgroup.com
elaina.shively@garnettlegalgroup.com
lys.runnerstrom@garnettlegalgroup.com
kristin.arthur@garnettlegalgroup.com

*Attorneys for Defendants City and County of Denver, Colorado; Todd Gentry; Stephen Marino; Anthony Norman; Felipe Cervantes; Kyle Carter; Johnna Aitken; Lisa Aitken-Nelson; Jason Moore; Damon Roman; E. M. Alfaro; and Brian Camozzi*

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 16th day of January, 2025, a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY** was electronically filed using the Court's CM/ECF system upon the following:

>John R. Holland
>Anna Holland Edwards
>Erica Grossman
>Dan Weiss
>Holland, Holland, Edwards & Grossman, LLC
>1437 High Street
>Denver, CO 802018
>(303) 860-1331
>john@hheglaw.com
>anna@hheglaw.com
>erica@hheglaw.com
>dan@hheglaw.com
>*Attorneys for Plaintiff*
>
>Darold W. Killmer
>Reid R. Allison
>Killmer Lane
>1543 Champa St., Suite 400
>Denver, CO 80202
>(303) 571-1000
>dkillmer@killmerlane.com
>rallison@killmerlane.com
>*Attorneys for Plaintiff*
>
>Anthony E. Derwinski
>Michele S. Carey
>Ruegsegger Simons & Stern, LLC
>1700 Lincoln St., Suite 4500
>Denver, CO 80203
>(303) 575-8026
>aderwinski@rs3legal.com
>mcarey@rs3legal.com
>*Attorneys for Defendants Denver Health and Hospital Authority, Courtney Wham, and Taegin Sung*

            *s/ Tracy Williams*
            Tracy Williams