IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02353-GPG-TPO

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, et al.

    Defendants.

---

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS COURTNEY WHAM'S AND TAEGIN SUNG'S MOTION TO DISMISS WITH REQUEST FOR IN-PERSON HEARING (Doc. 47)

---

Defendants, Courtney Wham and Taegin Sung ("Defendants Wham and Sung"), by and through their counsel, hereby respectfully submit their Reply to Plaintiff's Response to Defendants Courtney Wham's and Taegin Sung's Motion to Dismiss With Request For In-Person Hearing (Doc. 47) filed on December 16, 2024, as follows:

**REPLY ARGUMENT**

Throughout his Response, Plaintiff fails to address the gravamen of Defendant Wham and Sung's Motion to Dismiss; specifically, that they did not personally participate in the claimed conduct giving rise to Plaintiff's claims. It is undisputed that neither Wham or Sung participated in the alleged beatings and hazing of Mr. Moses. It is undisputed that neither of them were employees of the Denver Police Department and had no involvement in the police department's training exercise. There is no allegation or

evidence that Defendants Wham or Sung caused the alleged injuries to Mr. Moses. It is further undisputed that at no point in time was Mr. Moses under arrest, a pretrial detainee or incarcerated.

Instead, Plaintiff dismissively argues that the issue of whether Defendant Wham and Sung were personally involved in the violations as "preposterous." Plaintiff cites no law nor allegations to support this position, instead arguing that by "clearing" Mr. Moses, they "set in motion the final series of events that *permitted officer co-defendants to deprive Moses of his constitutional rights.*" Doc. 47, Plaintiff's Response, p. 11 (emphasis added). But constitutional claims do not exist for a party "permitting" a co-defendant to violate an individual's constitutional rights. Instead, as discussed in Defendants' Motion to Dismiss, for liability to exist under §1983, Plaintiff must show paramedics Wham and Sung had "direct personal responsibility" for the constitutional violation, based on their own individual actions, not the conduct of third parties. This includes a showing that Wham and Sung were (1) personally involved; (2) caused the injury; and (3) had a culpable state of mind. *Tufaro v. Okla. Ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1136 (10th Cir. 2024). Neither Plaintiff's Complaint nor his Response address this settled case law nor satisfy any of these elements. Plaintiff's claims should therefore be dismissed.

Additionally, Plaintiff's constitutional claims are truly purported allegations of negligence. The facts do not rise to a level of constitutional infringement and should be dismissed. Moreover, Plaintiff's claims of willful and wanton misconduct by Defendants Wham and Sung are not supported by the allegations.

**I.     The Claims Against Wham and Sung Are Not Constitutional in Nature**

   *A.  Plaintiff Claims that he was Seized*

Plaintiff alleges that he became so incapacitated that "he was in police custody." Doc. 3 at ¶ 238. Plaintiff's allegations run counter to established precedent. Being in state custody requires at a minimum that a person is being held against his will. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *United States v. Mendenhall*, 446 U.S 544, 554 (1980) ("[I]f, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave"). Plaintiff has failed to plausibly plead he was seized or in state custody. The incident occurred in the context of an employment exercise. Plaintiff does not sufficiently plead that Defendants Wham and Sung intended to hold Plaintiff against his wishes, nor that Plaintiff believed he was not free to leave. Plaintiff may have been personally incentivized to continue, but not forced to continue.

*Dubbs v. Head Start*, 336 F.3d 1194 (10th Cir. 2003) does not support Plaintiff's claim he was seized. *Dubbs* addressed whether nonconsensual physical examinations performed by a government agency constituted "searches" within the Fourth Amendment. *Id.* at 1207. Likewise, *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006) is not instructive. *Acevedo* involved an off duty police officer, seized by another police officer admittedly acting under color of state law, who punched plaintiff in the face.

   B.     Failure to Intervene

Plaintiff's Claim that Defendants Wham and Sung should not have "cleared" him to continue training belie the allegations that he was in custody. The very allegation that

3

Defendants Wham and Sung should not have released him from care supports that they did not hold Plaintiff in "custody." Without a seizure, there can be no violation of the Fourth Amendment. *See Jones v. Norton*, 809 F. 3d 564, 574 (10th Cir. 2015).

Assuming, *arguendo,* that Plaintiff was in police/state custody, his claim still fails against paramedics Wham and Sung because they were not personally involved in the constitutional violations. "Because vicarious liability does not apply to § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' As a result, a § 1983 plaintiff must show an 'affirmative link' between each defendant and 'the constitutional violation,' which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Tufaro,* 107 F.4th at 1136.

Plaintiff does not allege the paramedics were personally involved in any of the physical training exercises. Instead, Plaintiff claims Wham and Sung "agreed to return Moses into the drill for further physical battering" by members of the Denver Police Department and "refused to intervene to protect Moses's health and welfare." Doc. 3 at ¶¶ 242, 246, 247. In order to be liable for failure to intervene, the paramedics must have observed or had reason to know of a constitutional violation and had a "realistic opportunity to intervene." *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008). Thus, before an official can be liable for failure to intervene, they must have actual knowledge of a constitutional violation. *Jones v. Norton*, supra at 576. And without a deprivation of an individual right, there is nothing in which to intervene. *Routt v. Howard*, 764 F. App'x 762, 768 (10th Cir. 2019).

4

As in *Jones v. Norton*, *supra,* Plaintiff's claim fails because he focuses on Defendant Wham and Sung's alleged opportunities to intervene (which Defendants dispute), but he has not plausibly pled a clear constitutional violation of his individual rights by sustaining injuries in an employment exercise. As previously shown, there was not an underlying constitutional violation. And even if there were, Defendants Wham and Sung could not reasonably know that the Plaintiff's participation in the same training exercises that every recruit participated in prior to him was a constitutional violation. They had no reason to believe that the DPD was acting as anything other than an employer.

### C. Deliberate Indifference to Medical Needs

A claim for deliberate indifference to medical needs requires an initial showing that the Plaintiff be in state custody. *DeShaney*, 489 U.S. 189, 200 (1989). Plaintiff concludes that once the Paramedics were called, Plaintiff was in the custody of the DPD. Doc. 47 at p. 12. However, as previously shown, Plaintiff was not in state custody, which defeats this claim. The cases Plaintiff cited are not applicable: *Helling v. McKinney*, 509 U.S. 25 (1993) is a deliberate indifference claim brought by a prisoner, *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983) is a deliberate indifference claim brought by a pre-trial detainee, and *Ramirez v. City of Chicago*, 82 F. Supp. 2d 836, 840-41 (N.D. Ill. 1999) involves a claim for deliberate indifference by a handcuffed suspect in the custody of police.

Assuming *arguendo*, Plaintiff was in custody, he still fails to make a deliberate indifference claim against Defendants Wham and Sung. A claim of deliberate indifference to medical needs includes both an objective and a subjective component. *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). The objective prong of the deliberate

5

indifference test examines whether the plaintiff was deprived of a "sufficiently serious" medical need to constitute a constitutional deprivation. The subjective prong examines the state of mind of the defendant, asking whether "the official kn[e]w of and disregard[ed] an *excessive* risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970) (emphasis added). To act with deliberate indifference is the equivalent of acting with subjective criminal recklessness. *Id.* at 836-37.

As pled, Defendants Wham and Sung responded to the call to tend to Plaintiff. Doc. 3 at ¶ 70. They took an oral history from Plaintiff. *Id.* at ¶ 74. Defendants Wham and Sung took Plaintiff's blood pressure. *Id.* at ¶¶ 76, 87. Once Plaintiff decided to return to training, Defendants Wham and Sung made a plan to keep close by with pram and equipment. *Id.* at ¶ 88. After Plaintiff became limp and unresponsive at Station 3, Defendants Wham and Sung ran out on the mats, put him on the stretcher, and performed sternal rubs. *Id.* at ¶ 99. Defendants Wham and Sung began an IV and then wheeled Plaintiff out. *Id.* at ¶ 192. Plaintiff was then taken by ambulance to the hospital. *Id.* at ¶¶ 81, 102, 192, 232

Defendant Wham and Sung's actions such as responding when called, making a plan to stay close by with equipment, and running to the mats do not support an allegation that they acted with subjective criminal recklessness. It is undisputed that Defendants Wham and Sung provided medical care. While Plaintiff may disagree with the diagnosis or course of treatment, this disagreement does not state a constitutional violation. *See Perkins*, supra at 811; *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020)

("Disagreement about course of treatment or mere negligence in administering treatment do not amount to a constitutional violation.").

## II.     Defendants Wham and Sung are entitled to qualified immunity

### A. Federal qualified immunity

A government official is entitled to qualified immunity when they are performing discretionary functions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant claims qualified immunity, the plaintiff bears the "heavy two-part burden" of demonstrating that: (1) the defendant's alleged actions violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the alleged violation. *Trigalet v. Young*, 54 F.3d 645, 647 (10th Cir.1995). Plaintiff does not plausibly plead that Defendants Wham and Sung personally violated Plaintiff's constitutional rights. Plaintiff does not show a clearly established constitutional right or plausibly plead facts clearly establishing a constitutional violation.

The Tenth Circuit case law regarding the specificity required to prove the requisite element has evolved since the precedent cited by Plaintiff. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001). In *Ashcroft* v. *al-Kidd*, 563 U.S. 731, 741 (2011), the Supreme Court held that while a

7

case on point is not required, a district court may not deny immunity unless "existing precedent has placed the statutory or constitutional question beyond debate."

In *Mullenix v. Luna*, 136 S. Ct. 305, 307-308 (2015), the Court noted that "specificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.'" In *Aldaba v. Pickens*, 844 F.3d 870, 876 (10th Cir. 2016), the Tenth Circuit reconsidered its ruling from *Aldaba v. Pickens*, 777 F.3d 1148 (10th Cir. 2015), which found that officers were not entitled to qualified immunity after the Supreme Court vacated its decision in light of *Mullenix v. Luna*, *supra*. *See Pickens v. Aldaba*, 577 U.S. 972 (2015). Upon considering the guidance provided in *Mullenix v. Luna*, the Tenth Circuit noted in determining whether the constitutional violation was clearly established, they previously relied on several cases resolving excessive force claims, but none of the cases involved a factually similar situation. Accordingly, the Tenth Circuit found that the plaintiff did not show that the officers violated clearly established law.

Since *Aldaba v. Pickens*, 844 F.3d 870 (10th Cir. 2016), the Supreme Court has reversed another Tenth Circuit qualified immunity decision. *See White v. Pauly*, 580 U.S. 73 (2017). In concluding that police officers were entitled to qualified immunity, the Supreme Court emphasized: "As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. at 79-80 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). With that principle in mind, the Supreme Court explained that the Tenth Circuit "panel majority

misunderstood the 'clearly established' analysis: It failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment." *White v. Pauly*, 580 U.S. at 79. *See also District of Columbia v. Wesby*, 138 S. Ct. 577, 591 (2018) ("Tellingly, neither the panel majority nor the partygoers have identified a single precedent -- much less a controlling case or robust consensus of cases -- finding a Fourth Amendment violation under similar circumstances.").

Plaintiff has not identified a single Supreme Court or Tenth Circuit case on point, and there is none. The constitutional violations cases cited by Plaintiff do not involve paramedics in a similar situation as Defendants Wham and Sung. The facts of this case are incredibly unique, and the existing Supreme Court and Tenth Circuit case law does not give fair and clear warning to Defendants Wham and Sung of clearly established constitutional rights. The current Supreme Court and Tenth Circuit precedent does not fairly warn Defendants Wham and Sung that by being stationed at a DPD employment training exercise and providing care, their actions or inactions would later subject them to the baseless claims that they violated Plaintiff's constitutional rights. As Plaintiff has not plead facts establishing the required element that the constitutional or statutory right was clearly established at the time of the alleged violation, Defendants Wham and Sung are entitled to Qualified Immunity and the constitutional claims must be dismissed.

    B.    *State Qualified Immunity*

Defendant Wham and Sung are entitled to state qualified immunity as Plaintiff has not plausibly pled that their actions or inactions were willful and wanton. In order for action

9

or inaction to be willful and wanton, the conduct requires more than a failure to reasonably recognize the danger; it must exhibit conscious disregard for the safety of others. *Martinez v. Estate of Bleck*, 379 P.3d 315, 318 (Colo. 2016). There are no facts in the Complaint to support the proposition that they *were aware* that releasing Plaintiff would cause him to suffer a cascade of other symptoms once they transported him to the University of Colorado Hospital. Plaintiff's allegation that the paramedics misrepresented to the ER doctors that Moses had not suffered direct trauma (Doc. 3 at ¶ 440) also fails to support a pleading of willful and wanton conduct. As previously argued, the only specific fact pled in this regard, notes that the medical chart indicates that the "Police Academy Instructor" denied direct trauma. *Id.* at ¶106. And Plaintiff does not plausibly allege any harm from such alleged denial.

Plaintiff erroneously attempts to defeat qualified immunity by arguing that Defendants Wham and Sung became police adjuncts at the training exercise and were not acting with a medical purpose. Doc. 47 at p. 10. Plaintiff cites no case law to support this conclusory allegation, and none exists. Indeed, the only Tenth Circuit case to discuss police "adjuncts" rejected the notion that court employees could constitute such adjuncts. "Unlike police officers, court clerks are not adjuncts to the law enforcement team engaged in the often competitive enterprise of ferreting out crime, they have no stake in the outcome of particular criminal prosecutions." *United States v. Clarkson*, 551 F.3d 1196, 1204 (10th Cir. 2009) (quoting *Arizona v. Evans*, 514 U.S. 1, 15-16, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995)). Indeed, there is not a single reported federal decision holding that paramedics can be classified as police adjuncts.

Plaintiff has not plausibly pled facts showing that Defendants Wham and Sung acted as law enforcement or in any way outside of the duties or scope of their performance as paramedics. The act of examining and releasing Plaintiff to proceed with training is wholly consistent with the performance of their duties within the scope of their employment as paramedics. Plaintiff's claims lack both a factual basis or any legal support. The claims should therefore be dismissed.

## **CONCLUSION**

For the reasons stated herein, Defendants, Courtney Whan and Taegin Sung, request this Honorable Court to dismiss all claims against them, with prejudice.

DATED at Denver, Colorado this 17th day of January, 2025.

>s/ Anthony E. Derwinski
>Anthony E. Derwinski, Esq., Colo. Bar #44408
>Michele Stark Carey, Esq., Colo. Bar #27225
>Jeff C. Staudenmayer, Esq., Colo. Bar #42981
>Ruegsegger Simons & Stern, LLC
>1700 Lincoln Street, Suite 4500
>Denver, Colorado 80203
>Phone: 303.623.1131
>E-mail: aderwinski@rs3legal.com
>*Attorneys for Wham and Sung*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

s/ Anthony E. Derwinski