IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02353-GPG-TPO

VICTOR MOSES,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, et al.

    Defendants.

---

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT DENVER HEALTH'S MOTION TO DISMISS WITH REQUEST FOR IN-PERSON HEARING (Doc. 48)**

---

Defendant, Denver Health and Hospital Authority ("Denver Health"), by and through its counsel, hereby respectfully submits its Reply to Plaintiff's Response to Defendant Denver Health's Motion to Dismiss With Request For In-Person Hearing (Doc. 48), filed December 16, 2024, as follows:

**REPLY ARGUMENT**

    A.    **Plaintiff Has Failed to State a Claim for Relief Against Denver Health for Liability of a Municipality under *Monell* (Claims for Relief Nos. 2 & 4)**

In the operative Complaint, Plaintiff asserts Denver Health violated his Fourth Amendment and Fourteenth Amendment rights pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). As an initial matter, Plaintiff has not shown a constitutional violation by a Denver Health employee. An entity can only be liable in its official capacity when a plaintiff establishes a predicate constitutional violation by an employee. *See*

*Estate of Larsen ex. Rel Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008). This is argued extensively in Defendants Wham and Sung's Motion to Dismiss and Reply. Without an underlying constitutional violation by an employee, any *Monell* claim against Denver Health must be dismissed.

To defeat a motion to dismiss in a *Monell* claim, Plaintiff must identify a specific policy or custom that caused his alleged injury. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997). The Plaintiff must also show that these policies or customs amount to deliberate indifference to his or her constitutional rights, and that the policies or customs are the moving force that caused the constitutional violation. *Id.*

1. Failure to Implement Policies for SCT Claims Against Denver Health

Plaintiff argues that Denver Health failed to act by failing to develop policies surrounding the special risks to recruits posed by sickle cell trait (SCT). Specifically, Plaintiff responds that Denver Health developed a protocol to collect information on SCT, and then deliberately chose to develop no further policies or procedures to react to or communicate the information. Doc. 48 at pgs. 7-8.[1] Plaintiff's allegations do not support his *Monell* claim. Doc. 48 at. p. 7. As the court in *Barney v. Pulsipher* found, failing to adopt various polices did not provide *Monell* liability where the record revealed no

---

[1] Plaintiff improperly recharacterizes the pled facts in his Response stating, "DHHA requires recruits to fill out a mandatory DHHA Medical History Form, explicitly designed to collect information regarding recruit conditions that may require accommodations during the training process. ¶¶31-37." Doc. 48 at pg. 2. However, what Plaintiff actually pled in ¶ 31 is that **The Denver Police Department mandates recruits to disclose certain medical conditions on a Medical History Form**, which requires evaluation and approval by a Denver Health doctor." Doc. 3 at p. 5, ¶31 (emphasis added).

2

previous similar incidents which would provide actual or constructive notice to the defendant. *Barney v. Pulsipher,* 143 F.3d 1299, 1309, n. 8. (10th Cir. 1998); *see also Hinton v. City of Englewood*, 997 F.2d 774, 782-83 (10th Cir. 1993) (affirming summary judgment for city on failure to adequately train officers on excessive force case where city had adopted no policies and officers conduct was not constitutionally excessive).

Plaintiff did not allege any facts that Denver Heath paramedics have encountered patients experiencing complications from SCT in in similar training exercises in the past. Nor does Plaintiff allege that other recruits were injured due to the action or inaction of the paramedics on sight. Plaintiff seeks to remedy this deficiency in the pleading by citing to other recruits who allegedly sustained injuries at the same training exercise as Moses, but did not involve SCT or paramedic involvement. Plaintiff also points to past examples of Kimmie Shui who reported tearing her ACL at a prior training exercise, Kimberly Lockinour who was slapped and put into a chokehold, and "another female recruit" who was put in a neck hold in a prior training exercise. Doc. 48 at p. 8. Because none of these examples (past or present case) involved complications from SCT or allege that paramedic action or inaction caused the injuries, they do not support Plaintiff's claim that Denver Health was deliberately indifferent for failing to create a custom or policy regarding SCT for DPD's tactical training.

A custom or policy is not shown by alleging one unique incident where Plaintiff suffered an alleged deprivation. Rather, a plaintiff must demonstrate a specific pattern or series of incidents that support the allegation of custom or policy. *Sekerak v. City and County of Denver*, 1 F.Supp.2d 1191, 1199 (D. Colo. 1998); *Butler v. City of Norman*, 992

3

F.2d 1053 (10th Cir. 1993). Plaintiff's pleading the existence of general prior injuries to others does not support his *Monell* claim in this case. The injuries alleged do not show that Denver Health was involved in or on notice of previous similar constitutional violations, nor do they show a custom or policy of Denver Health.

The Tenth Circuit has specifically rejected § 1983 claims based on municipal custom or policy where the plaintiff has not alleged the existence of *similar discrimination as to others*. *See Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995). With respect to any complaint against Denver Health regarding policies involving protocols for SCT, Plaintiff has not shown one other instance of injury or complications from SCT. Plaintiff's allegations that SCT is a "foreseeable and recurring issue" is merely a conclusion unsupported by any facts. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Butler*, 992 F.2d 1053, 1055. Plaintiff has not pointed to an allegation of a policy attributable to a municipal policymaker, nor of any policy resulting in similar discrimination to other individuals with SCT. Accordingly, his claim of "failure to implement" policies fails as a matter of law.

2.   <u>Failure to Train Claims Against Denver Health</u>

Any purported deliberate indifference or failure to train and supervise claim against Denver Health should be dismissed. Plaintiff argues that the DAD training presents "an obvious need for DHHA to train its paramedics about their responsibility to provide medical care which includes a gatekeeping function to stop the infliction of force and

4

immediately get recruits to higher level medical care when necessary." He concludes that because the paramedics did not stop the training, they were evidently not trained on how to handle the risks involved. Doc. 48 at pgs. 12-13.

Plaintiff alleges that Denver Health jointly operated the tactical drills training with DPD and that Denver and DHHA had full control of the DAD. *Id.* at ¶¶ 302, 393. 395. This is a mere conclusion and Plaintiff does not include any facts to support this claim. There is no factual basis to support that DHHA had any control over the DAD training exercises or its employees. Likewise, there is no factual basis to conclude that Denver Health had any authority to promulgate gatekeeping rules or policies surrounding the police department's tactical training which is "promulgated by the Department of Public Safety and the Denver Police Department." *Id.* at ¶ 397. The paramedics were present to provide emergency treatment if needed, as they did. As extensively argued in the Motion by Wham and Sung, the paramedics had no authority to "gatekeep" the training and stop it against Plaintiff's conscious verbal consent to continue. This supposed failure to gatekeep the DPD training exercise is insufficient to support Plaintiff's claims that Denver Health was deliberately indifferent in its failure to train its paramedics.

Plaintiff argues that "a widespread custom of practice may be inferred from the conduct of a municipality after an incident when, as here, no steps are taken to reprimand or otherwise taken in response to plainly unconstitutional conduct." This argument makes its debut in the Response. Doc. 48 at p. 10. Plaintiff's complaint is devoid of any pleading concerning discipline, investigation, or lack thereof of Denver Health regarding their employees in the past or the present case.

5

None of the Tenth Circuit cases cited by Plaintiff support an inference of finding a municipal custom stemming from the failure to reprimand the complaints in question. In *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009), the court held that while failing to reprimand or investigate might cause a future violation, it does not constitute a causal connection in the immediate case. "Basic principals [sic] of linear time prevent us from seeing how conduct that occurs *after* the alleged violation could have somehow caused that violation." *Id.* The other Tenth Circuit cases cited by Plaintiff all discuss evidence of repeated past failures to reprimand or investigate constitutional violations to prove custom.

Plaintiff's citation to the 1985 Fifth Circuit case, *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 171 (5th Cir. 1985), is neither precedent nor appropriate. *Grandstaff* is a single-incident exception failure to train case where the evidence established repeated acts of abuse by several officers in several episodes over the course of one night tending to prove a disposition to disregard human life and safety so prevalent as to be policy or custom. *Cf., Westfall v. Luna*, 903 F. 3d 534 (5th Cir. 2018). To the extent that Plaintiff invites this Court to follow *Grandstaff*, that invitation should be rejected as the Tenth Circuit has determined failure to reprimand does not constitute a causal connection in the immediate case. *Cordova, supra* at 1194. And as Plaintiff has not pled a pattern of failure to discipline or investigate, this "inference" must fail.

The deficiencies of Plaintiff's pleading against Denver Health are not due to asymmetry of information. Plainly, Plaintiff has not established that his constitutional rights were violated by a Denver Health employee. Plaintiff failed to allege facts that

6

plausibly show that Denver Health's provision of paramedics or failure to implement certain policies or training amounted to deliberate indifference of *foreseeable* constitutional violations. Moreover, Plaintiff has not pled any facts that establish that these alleged policies or customs were the moving force behind the alleged violations. Plaintiff thus fails to state a viable claim against Denver Health for the alleged actions of its employees, including any failure to properly train them. Accordingly, Plaintiff's constitutional claims must be dismissed.

  B. <u>Plaintiff Has Failed to State a Claim for Negligence in the Operation of a Public Hospital Against Denver Health (Claim for Relief No. 5)</u>

As previously established in its Motion to Dismiss, Denver Health did not fail to train its paramedics. A plaintiff must establish the "same basic elements" for a negligent training claim as a negligent supervision claim, including evidence "the employer knows or should have known that the employee would cause harm." *Westin Operator, LLC v. Groh*, 347 P.3d 606, 612 (Colo. 2015). Assuming the pled facts, which do not include any prior incidents of SCT complications or injuries directly tied to paramedical involvement, Plaintiff fails to allege that Denver Health knew or should have known that these paramedics presented a danger to Plaintiff. Colorado recognizes such negligence claims for failure to train or supervise only when an employer has preexisting knowledge its employee presents a danger to others. *Id*. No such knowledge is alleged here nor exists. Plaintiff has not plausibly pled that paramedics Wham and Sung had a dangerous propensity or were likely to harm others and that Denver Health knew or should have known of their dangerous propensities. Without such evidence, Plaintiff's direct

negligence claim of negligent training and supervision claims fail as a matter of law and must be dismissed.

Plaintiff also asserts Denver Health is vicariously liable for the alleged negligence of its paramedics, Wham and Sung. This claim clearly fails because Plaintiff has failed to adequately plead a negligence claim against the paramedics, so the vicarious liability claim cannot survive as a matter of law. Plaintiff's argument also ignores the allegations of his Complaint that the paramedics acted willfully, not negligently. The waiver of the CGIA's sovereign immunity for negligence in the operation of a public hospital is not triggered by an allegation of willful and wanton conduct by its employees. Plaintiff consistently pled that paramedics Wham and Sung were willful and wanton in their acts and omissions, not merely negligent. Doc. 3 at p. ¶ ¶ 23, 247, 253, 257, 260, 431, 432, 433, 436, 442, 444 – 445; *See also* pgs. 29, 59. If Wham and Sung were willful and wanton and not merely negligent, then Denver Health cannot liable for their conduct. If, however, Plaintiff agrees that Wham and Sung's actions constituted mere negligence, Plaintiff's constitutional claims against them must fail and accordingly, the *Monell* claims against Denver Health must also fail and should be dismissed.[2]

## CONCLUSION

For the reasons stated herein, Defendant Denver Health and Hospital Authority, requests this Honorable Court to dismiss all claims against it, with prejudice.

---

[2] Plaintiff does not address Denver Health's argument that it was not negligent in failure to disclose recruit's medical histories. Therefore, Denver Health will not further address this issue and refers the Court to its Motion to Dismiss. Doc. 34 at p. 9.

8

DATED at Denver, Colorado this 17th day of January, 2025.

s/ Anthony E. Derwinski
Anthony E. Derwinski, Esq., Colo. Bar #44408
Michele Stark Carey, Esq., Colo. Bar #27225
Jeff C. Staudenmayer, Esq., Colo. Bar #42981
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
Phone: 303.623.1131
E-mail: aderwinski@rs3legal.com
*Attorneys for Denver Health and Hospital Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


                                          s/ Anthony E. Derwinski

Case No. 1:24-cv-02353-GPG-TPO   Document 64   filed 01/17/25   USDC Colorado
pg 10 of 10